219 N.J. Super. 164 (1987)
530 A.2d 34
CARLSTADT EDUCATION ASSOCIATION, MAUREEN AVERY, DONA TOOLEY AND JOANNE KEARNEY, PLAINTIFFS-APPELLANTS,
v.
MAYOR & COUNCIL OF THE BOROUGH OF CARLSTADT, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 10, 1987.
Decided July 1, 1987.
*165 Before Judges KING, DEIGHAN and MUIR.
Bucceri & Pincus, attorneys for appellants (Gregory T. Syrek, of counsel and on the brief).
DeCotiis & Pinto, attorneys for respondent (John J. Langan, Jr., of counsel and on the brief).
The opinion of the court was delivered by KING, P.J.A.D.
This case involves the award of counsel fees to attorneys for prevailing parties in civil rights claims under 42 U.S.C.A. § 1988. The Law Division judge denied any fee award to prevailing counsel. On this appeal the teacher's union and its members claim that the judge "misinterpreted his authority under 42 U.S.C.A. § 1988."
This is the procedural background to this litigation. On April 4, 1986 plaintiffs, Carlstadt Education Association, Maureen *166 Avery, Dona Tooley, and Joanne Kearney filed a complaint alleging that defendants, Mayor and Council of the Borough, had violated the United States Constitution, the State Constitution, and the New Jersey Open Public Meetings Act (N.J.S.A. 10:4-6 et seq.) by rescinding permission for plaintiffs to use the Carlstadt Civic Center for a school board "Candidates Night." On April 9, 1986 the Law Division judge issued an oral opinion which reinstated plaintiffs' right to use the Civic Center. Plaintiffs then filed a request for counsel fees which was denied in a written opinion where the judge stated:
In awarding Attorney fees, New Jersey Courts have applied the Federal standard. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 [95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)], Hensley v. Eckerhart, 461 U.S. 424 [103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)], Newman v. Piggy Park Enterprises, 390 U.S. 400 [88 S.Ct. 964, 19 L.Ed.2d 1263 (1968)]. These cases discuss the purpose of § 1988. It is to ensure effective access to the judicial process for persons with civil rights grievances who have little or no money with which to hire a lawyer. Fee awards are also intended to provide an incentive to competent lawyers to undertake Civil Rights litigation.
Although I found a Constitutional violation on the part of the Borough of Carlstadt, the conduct did not rise to the level of the facts in other cases where fees were awarded. Those included ongoing, systematic and official conduct on the part of defendants whose defense was maintained in bad faith and for oppressive reasons. A most recent Appellate Division case, Frank's Chicken House v. Mayor & Council of Manville, [208 N.J. Super. 542 (App.Div. 1986)] Docket No. A-982-84T7), reiterates the prevailing criteria. The facts in Carlstadt differ. No ordinance existed, no rule was violated, no systematic derogation of rights took place and no infringement of rights that would otherwise go unlitigated occurred. Essentially, the Borough's action was an isolated error in judgment. No evidence was presented in the short hearing to show that the defendant engaged in the purposeful activities described in the cases cited.
This is the factual background. On March 13, 1986 the Clerk for the Borough of Carlstadt received a letter requesting use of the Carlstadt Civic Center by plaintiffs, the Carlstadt Education Association. Plaintiffs planned to hold a "Candidates Night" moderated by the Bergen County League of Women Voters in a neutral location like the Civic Center where the public could meet the school board candidates. The defendants, the Mayor *167 and the Council, approved the request at a meeting held on March 17, 1986.
On March 24, 1986 six Board of Education members wrote to the Mayor and Council to complain of the plaintiffs' use of the Civic Center and three days later the Council rescinded permission to use the facility. No reason for this action was given at the time but later certifications filed by individual Council members made it clear that they felt the evening would be a partisan, self-serving opportunity for the teachers' union to increase its support at the expense of the Board of Education, who would be criticized throughout the entire program. They also felt that issues which were the subject of ongoing negotiations between the Board and the union would be brought up and improperly discussed. Plaintiffs filed suit and the judge found that defendants had unlawfully tried to restrict the plaintiffs' use of the facility in violation of the First Amendment. There was no appeal taken from his decision. As noted, he then denied the application for counsel fees.
42 U.S.C.A. § 1988 reads in pertinent part
In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
Although this statute, the Civil Rights Attorneys' Fees Awards Act of 1976, textually says that the decision to grant counsel fees is discretionary with the court, the United States Supreme Court in Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), and Northcross v. Board of Education, 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973), laid down a general rule for such fees in civil rights cases: Prevailing plaintiffs should recover attorneys fees "unless special circumstances would render such an award unjust." Newman, 390 U.S. at 402, 88 S.Ct. at 966. This standard was applied specifically to 42 U.S.C.A. § 1988 in our cases of Singer v. State, 95 N.J. 487 (1984), and Frank's Chicken House v. Mayor and Council of Manville, 208 N.J. Super. 542 (App.Div. *168 1986). Since there is no doubt about plaintiffs' status as "prevailing", the question in this case is whether sufficient "special circumstances" were present to support the denial of fees.
The leading case in which special circumstances were found to render the proposed counsel fee award unjust is probably Zarcone v. Perry, 581 F.2d 1039 (2nd Cir.1978) ($46,500 contingent fee recovered). The Zarcone court found application of the Newman-Northcross rule not to be automatic but rather to be motivated primarily by a finding that "a person in the plaintiff's position would have been deterred or inhibited from seeking to enforce civil rights without an assurance that his attorneys' fees would be paid if he were successful." Id. at 1044. Thus, when "a plaintiff sues for damages and the prospects of success are sufficiently bright to attract competent private counsel on a contingent fee basis, the underlying rationale of the Newman-Northcross rule may be inapplicable, since no financial disincentive or bar to vigorous enforcement of civil rights may exist." Id. Of course, defendants liberally cite Zarcone to support their assertion that the judge here was correct in his decision to deny counsel fees to the plaintiffs. However, instead of resembling Zarcone, the instant case is really much more similar to Newman since the primary relief sought by plaintiffs in both cases was an injunction. In other words, plaintiffs' chance of recovering any significant money damages was small and thus "competent private counsel", which the Zarcone court feels would be attracted to remunerative cases, might shy away from suits like this one involving prayers for primarily injunctive relief where a profitable contingency fee arrangement is not available.
We conclude also that the judge erred in considering the relative worth of the rights which plaintiffs were trying to vindicate. He stated, "Although I found a Constitutional violation on the part of the Borough of Carlstadt, the conduct did not rise to the level of the facts in other cases where fees were *169 awarded." This type of balancing was criticized by our Supreme Court in Singer. The Singer Court wrote, "There are certain salutary limitations upon this broad discretionary grant of authority to assess counsel fees in civil rights litigation. Ordinarily, the comparative importance or worth of a particular vindicated right or the public benefit conferred should not constitute a `special circumstance' to be given determinative weight in the decision to award or withhold attorneys' fees.... A sound approach, in our view, is to avoid any assessment of the comparative significance of the particular rights involved in the litigation." Id. 95 N.J. at 497-498. The Court felt that such a balancing test could deprive worthy plaintiffs of much-needed fees and generally "undermine the implicit rationale of the Awards Act." Id. at 498. It was error to consider the worth of the vindicated rights as a "special circumstance." Cf., Concerned Democrats of Florida v. Reno, 493 F. Supp. 660 (1980) (citizens group asserting political rights denied fees for attorney).
In fact, it is not even really clear whether the judge understood that normally in these types of cases attorneys' fees should be awarded. See Beazer v. N.Y.C. Transit Authority, 558 F.2d 97, 100 (2 Cir.1977). He never used the term "special circumstances;" instead he made a comparison between the more flagrant or sometimes repetitive violations of civil rights in Newman and some other cases and decided that the violation here simply was not all that reprehensible. This is the exact type of balancing which the Singer Court proscribed. Unnecessary weighing of the worth of constitutional rights is unwise and can lead to disparate results which could make a mockery of the Awards Act. We see no "special circumstances" in this case to warrant denying relief to these plaintiffs, who sought injunctive relief and their counsel fees, but received no damage award.
Nor do we think plaintiffs should be deprived of counsel fees because their counsel in this case usually represents their *170 union in bargaining and related union matters. Justice Handler stated in Singer: "Nor do we consider as determinative the prevailing party's ability to assume his or her own attorney fees." 95 N.J. at 498. This may be a factor in the amount of the award, but not in the decision to make or deny an award. Ibid.
Reversed for a hearing on the amount of the fee award.