790 A.2d 238 (2002)
347 N.J. Super. 435
FIREFREEZE WORLDWIDE INC., Plaintiff-Appellant/Cross-Respondent,
v.
BRENNAN AND ASSOCIATES, Defendant-Respondent/Cross-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted December 11, 2001.
Decided February 6, 2002.
*239 Spector & Ehrenworth, Florham Park, attorneys for appellant/cross-respondent, (Brian D. Spector, of counsel; Krista M. Fenske, on the brief).
Gold & Albanese, attorneys for respondent/cross-appellant, (James N. Barletti, on the brief).
Before Judges SKILLMAN, CARCHMAN and WELLS.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
Rule 4:58, commonly referred to as the offer of judgment rule, provides in pertinent part that "any party may ... serve upon any adverse party, without prejudice,... an offer to take judgment in the offeror's favor, or as the case may be, to allow judgment to be taken against the offeror, for a sum stated therein[.]" R. 4:58-1. While this case was being litigated, Rule 4:58-2 provided that if, in an action for liquidated damages, an offer of judgment by a party designated as a "claimant" is not accepted and that party obtains a verdict at least as favorable as the rejected offer,[1] it "shall be allowed, in addition to costs of suit, eight per cent interest on the amount of any money recovery from the date of the offer or the date of completion of discovery, whichever is later, and also a reasonable attorney's fee ... for such subsequent services as are compelled by the non-acceptance."[2]Rule 4:58-3 similarly provided that if, in an action for liquidated damages, an offer of judgment by a party designated as "a party other than the claimant" is rejected and the verdict is at least as favorable as the offer, it "shall be allowed, in addition to costs of suit, a reasonable attorney's fee, for such subsequent services as are compelled by the non-acceptance."
This appeal involves application of the offer of judgment rule in a case where the defendant has asserted a counterclaim. The trial court concluded that because Rules 4:58-2 and -3 deal separately with the consequences of non-acceptance of an offer of judgment by a "claimant" and "a party other than the claimant," a plaintiff against which a counterclaim is filed cannot submit a single offer of judgment that applies to both its affirmative claim and the counterclaim. We reject this interpretation of the offer of judgment rule and conclude that Rule 4:58 authorizes a plaintiff against which a counterclaim is filed to submit an offer of judgment for resolution of the entire case including the counterclaim.
Plaintiff, which manufactures fire suppression products, brought suit for $13,017.74 on a book account against defendant, a wholesaler distributor of *240 plaintiff's products. Defendant filed a counterclaim for $26,795.34 representing commissions plaintiff allegedly owed defendant.
Plaintiff submitted an offer pursuant to Rule 4:58-1 "to take judgment against defendant in the amount of $9,629.49 in the referenced case." Defendant rejected this offer, and submitted its own offer "to take judgment in this action [against plaintiff] in the amount of $20,096.50." Before trial, plaintiff rejected this offer.
The case was tried before a jury, which returned a verdict for $11,488.40 on plaintiff's claim and a no cause against defendant on its counterclaim.
Plaintiff then brought a motion pursuant to Rule 4:58-2 for the costs of suit, interest and the attorney's fees it incurred subsequent to defendant's rejection of its offer of judgment. The supporting certification and attached billing records indicated that plaintiff's attorney's fees totaled $25,242.96.
In opposition to this motion, defendant argued that plaintiff was not entitled to any award, because its damages were "unliquidated," and Rule 4:58-2 authorizes an award "[i]n an action for unliquidated damages" only if "the amount of the recovery is in excess of 120% of the offer," and the $11,488.40 verdict in plaintiff's favor was less than 120% of its $9,629.49 offer. Defendant also argued, in the alternative, that "the offer of judgment ... had no bearing on the counterclaim" and consequently any award should be limited to the attorney's fees plaintiff incurred in proving its affirmative claim.
The trial court rejected defendant's argument that plaintiff's claim was for "unliquidated damages" and therefore it was not entitled to any award under Rule 4:58-2. However, the court concluded that under the language of Rule 4:58-2, plaintiff's offer "to take judgment against defendant" for $9,629.49 should be considered to apply only to the affirmative claim asserted in plaintiff's complaint, and not to defendant's counterclaim, because plaintiff was a "claimant" only with respect to that claim. Accordingly, the court granted plaintiff's motion, but limited the attorney's fees award to the fees plaintiff incurred in proving its claim. The court concluded that plaintiff's attorneys had expended only about one-quarter of their time in proving plaintiff's affirmative claim, and thus awarded plaintiff one-quarter of the total attorney's fees sought, which totaled $6,434.30.
Plaintiff appeals, arguing that its offer of judgment applied to the entire case, including defendant's counterclaim, and that the trial court erred in refusing to award the full amount of attorney's fees plaintiff incurred after defendant's rejection of its offer of judgment. Defendant cross appeals, arguing that the court should not have made any award to plaintiff under Rule 4:58-2 because its action was for unliquidated damages and its recovery was less than 120% of its offer.

I
Initially, we consider the argument presented by defendant's cross-appeal that plaintiff is not entitled to any attorney's fee award because its action was for "unliquidated damages," and Rule 4:58-2 does not allow the recovery of attorney's fees in an action for unliquidated damages "unless the amount of the recovery is in excess of 120% of the offer."
"In general, damages are unliquidated `where they are an uncertain quantity, depending on no fixed standard, referred to the wise discretion of a jury, and can never be made certain except by accord or verdict.'" Schettino v. Roizman Dev., Inc., 158 N.J. 476, 486, 730 A.2d 797 *241 (1999)(quoting 25 C.J.S. Damages § 2 (1966)). "On the other hand, `liquidated damages are those the amount whereof has been ascertained by judgment or by the specific agreement of the parties, or which are susceptible of being made certain by mathematical calculation from known factors.'" Id. at 486-87, 730 A.2d 797.
Under this test, it is clear that both plaintiff's claim and defendant's counterclaim were for liquidated damages. Plaintiff's complaint presented a straightforward claim of $13,017.74 for the unpaid balance of the contract price of goods sold to defendant, which was supported by invoices introduced into evidence at trial. Neither the fact that defendant claimed some of the invoices contained duplicate billings or that the second count of the complaint asserted an alternative claim for the "reasonable value of goods sold and delivered" transformed plaintiff's claim on a book account into one for unliquidated damages. Similarly, defendant's counterclaim for the specific amount of $26,795.34 was based on a written agreement between plaintiff and another entity, which provided for the payment of a royalty to defendant's principal, Richard Brennan, of "$.25 per 12 oz. can of product sold" by plaintiff. Thus, both plaintiff's and defendant's damage claims were based on "specific agreement[s] of the parties" or "susceptible of being made certain by mathematical calculation from known factors." Ibid. Therefore, the trial court correctly rejected defendant's argument that plaintiff was not entitled to an award of attorney's fees because its claim was unliquidated.

II
We turn next to the trial court's conclusion that plaintiff was only entitled to an allowance under Rule 4:58-2 for attorney's fees incurred in proving its direct case, because under the language of Rule 4:58-2, plaintiff's offer of judgment should be considered to apply only to the claim made in plaintiff's complaint, and not to defendant's counterclaim. The court based this conclusion on the fact that Rule 4:58 distinguishes between the consequences of non-acceptance of an offer of judgment by a "claimant," which is addressed in Rule 4:58-2, and by "a party other than the claimant," which is addressed in Rule 4:58-3. Under this view of Rule 4:58, a plaintiff against which a counterclaim is asserted would be both a "claimant" with respect to its affirmative claim and "a party other than the claimant" with respect the counterclaim. Thus, if such a party wished to resolve an entire case, the trial court's interpretation of Rule 4:58 would require it to make separate offers of judgment with respect to its affirmative claim and the counterclaim.
We find nothing in the language or policy of Rule 4:58 that requires this kind of bifurcated approach to the submission of offers of judgment. Although Rule 4:58 distinguishes between a "claimant" and "a party other than the claimant," it does not suggest that the same party can be both a claimant and a non-claimant. Instead, the most straightforward reading of the rule is that any party who asserts a claim should be considered to be only a "claimant," even if another party has asserted a claim against that party.
This interpretation of Rule 4:58 also best serves its "salutary purpose of encouraging settlement," Frigon v. DBA Holdings, Inc., 346 N.J.Super. 352, 354, 787 A.2d 966 (App.Div.2002), by "impos[ing] financial consequences on a party who rejects a settlement offer that turns out to be more favorable than the ultimate judgment." Schettino v. Roizman Dev., Inc., supra, 158 N.J. at 482, 730 A.2d 797. A plaintiff's claims and defendant's counterclaims *242 often arise out of the same transaction or series of transactions. In that circumstance, the determination of a reasonable settlement offer involves an overall evaluation of the controversy, which could be unduly complicated by attempting to assign separate values to the plaintiff's claim and the defendant's counterclaim. Therefore, the offer of judgment rule's effectiveness in promoting the settlement of litigation would be undermined if it were construed to require a plaintiff against which a counterclaim is filed to submit separate offers of judgment on its affirmative claim and the counterclaim.
In addition, if Rule 4:58 were construed to require separate offers of judgment whenever there are both claims and counterclaims, some parties undoubtedly would submit offers of judgment with respect to only the plaintiff's claim or the defendant's counterclaim, and even if such an offer were accepted, it would not resolve the entire litigation. Such tactical use of the offer of judgment rule could pose a risk of unfairness to some litigants, compare Schettino v. Roizman Dev., Inc., supra, 158 N.J. at 483-86, 730 A.2d 797, and would be of only limited value in conserving judicial resources. Therefore, we conclude that Rule 4:58 should be construed to authorize a plaintiff against which a counterclaim is filed to submit an offer of judgment for resolution of the entire case including the counterclaim.[3]
Plaintiff's offer "to take judgment against defendant in the amount of $9,626.49 in the referenced case" was clearly intended by plaintiff,[4] and understood by defendant, to apply to the entire case, including defendant's counterclaim. Thus, the trial court erred in limiting the award of attorney's fees to the fees plaintiff incurred in proving its direct claim.
Finally, it is unclear whether the trial court conducted an overall review of the reasonableness of plaintiff's fee application. Consequently, the case must be remanded to afford the court a further opportunity to consider the reasonableness of that application.
Accordingly, the order awarding plaintiff attorneys' fees under Rule 4:58-2 is reversed and the case is remanded to the trial court for further proceedings in conformity with this opinion.
NOTES
[1] In an action for unliquidated damages, Rule 4:58 establishes a different test of entitlement to an award of attorney's fees, interest and litigation expenses in favor of a party whose offer of judgment is not accepted. We conclude for the reasons set forth in section I of this opinion that the claims in the present case were for liquidated damages.
[2] By an amendment to Rule 4:58 adopted by the Supreme Court in 2000, subsequent to the offers of judgment involved in this case, a party entitled to an allowance under Rule 4:58 is also awarded reasonable litigation expenses following non-acceptance. This amendment also made certain changes in the structure and wording of Rules 4:58-2 and -3 that are not material to the issues presented in this appeal.
[3] We have no need in deciding this appeal to consider whether Rule 4:58 would allow a party to submit an offer of judgment that does not encompass all the claims asserted in an action.
[4] Although plaintiff did not submit any certification indicating how it calculated the offer of judgment, it appears clear that plaintiff considered defendant's counterclaim in determining the amount of the offer. Plaintiff's requests for admissions suggest that its position was that any commissions for which it might be obligated were due to defendant's principal, individually, rather than to defendant, and alternatively, that even if the commissions were owed to defendant, the maximum amount of those commissions was $3,383.25. The difference between the $13,017.74 demanded in plaintiff's complaint and the $3,383.25 in commissions plaintiff implicitly acknowledged owing either defendant or its principal is $9,634.49. Plaintiff's $9,629.49 offer of judgment was $5.00 less than this figure. Therefore, there is no basis for defendant's suggestion that plaintiff assigned only nominal or token value to the counterclaim in making its offer of judgment. Compare Frigon v. DBA Holdings, Inc., supra; Essex Bank v. Capital Res. Corp., 179 N.J.Super. 523, 528-30, 432 A.2d 936 (App.Div.), certif. denied, 88 N.J. 495, 443 A.2d 710 (1981).