981 A.2d 1267

THOMAS BEST, PLAINTIFF–APPELLANT, v. C&M DOOR CON-
TROLS, INC., DEFENDANT–RESPONDENT, AND CHRISTO-
PHER O'KEEFE AND MICHAEL CRAVEN, DEFENDANTS.

Argued March 10, 2009—Decided October 14, 2009.

 

350

*Steven J. Greenstein,* argued the cause for appellant (*Tobin, Reitman, Greenstein, Caruso, Wiener & Konray,* attorneys).

*John F. Casey,* argued the cause for respondent (*Wolff & Samson,* attorneys; *Mr. Casey* and *Kiran V. Somashekara,* on the briefs).

*Lewis H. Robertson,* submitted a brief on behalf of amicus curiae American Civil Liberties Union of New Jersey (*Mr. Robertson, Jeanne Locicero,* and *Edward L. Barocas,* attorneys).

PER CURIAM.

In 2004, Thomas Best sued his former employer, C&M Door Controls, for violations of the Prevailing Wage Act (PWA), *N.J.S.A.* 34:11–56.25 to –56.47, and the Conscientious Employee Protection Act (CEPA), *N.J.S.A.* 34:19–1 to –14, claiming that he had been underpaid on PWA work and that, when he complained, his employer retaliated against him. Invoking *Rule* 4:58–3, the offer-of-judgment rule, Best offered to take judgment in the amount of $100,000, inclusive of counsel fees against C&M. C&M countered with two offers—one for $15,000 and one for $25,000, also inclusive of fees, which Best rejected. A jury awarded Best $2,600 on the PWA claim and returned a verdict of no cause for action on the CEPA claim.

Best thereafter sought counsel fees of $122,000 plus costs under the fee-shifting provisions of the PWA, *N.J.S.A.* 34:11–56.40. C&M sought fees under *Rule* 4:58–3(b) because the jury verdict was less than eighty percent of its offer of judgment. In addition, C&M requested an award under the frivolous-claim provision of CEPA, *N.J.S.A.* 34:19–6.

Citing *Rule* 4:58–3(c)(4), which provides an exception from the operation of the offer-of-judgment rule in cases in which "a fee allowance would conflict with the policies underlying a fee-shifting statute," the judge denied fees to C&M, declaring that such an award would contravene the policies of fee shifting. He further denied C&M fees under CEPA's frivolous-claim provision because there had been no finding that Best's action was instituted "without a basis in law or fact," as required under *N.J.S.A.* 34:19–6.

The judge went on to award Best fees under the fee-shifting provisions of the PWA, limited to those that had accrued up until C&M's "more than adequate offer of judgment." That award, which was in the amount of $62,529.65, reflected a reduction of forty percent based on Best's "limited success" in the case. According to the judge, "others prosecuting similar claims have spent approximately forty percent of their time on the CEPA claim."

Both parties appealed. In a published opinion, the Appellate Division affirmed the denial of C&M's fee application under the frivolous-claim provision of CEPA for the reasons expressed by the trial judge and, additionally, because the denial of C&M's motion to dismiss the CEPA claim prior to trial obviated the possibility that the litigation could be proved frivolous. *Best v. C&M Door Controls, Inc.,* 402 *N.J.Super.* 229, 239, 953 *A.2d* 775 (2008).

The panel further identified CEPA as the kind of statute contemplated by the exception in *Rule* 4:58–3, thus eliminating an offer-of-judgment award in a CEPA case. *Id.* at 246–47, 953 *A.2d* 775. However, it distinguished the PWA from CEPA, declaring that because the PWA was intended to benefit both employers and employees, it would not be undermined by application of *Rule* 4:58–3. *Id.* at 244–45, 953 *A.2d* 775. Accordingly, the panel permitted C&M to recover fees based on its offer of judgment and reversed and remanded the trial judge's contrary ruling. *Id.* at 247–48, 953 *A.2d* 775. The panel also reversed and remanded the

award to Best under the PWA because the judge had failed to make specific findings regarding the forty percent reduction based on "limited success." *Id.* at 248, 953 *A.*2d 775. Finally, the panel affirmed the trial judge's decision to limit Best's award to the fees accrued prior to the July 2006 offer. *Id.* at 249, 953 *A.*2d 775.

We granted Best's petition for certification. 197 *N.J.* 13, 960 *A.*2d 743 (2008). Best essentially argues that C&M was not entitled to an award of fees under *Rule* 4:58 because the rule is inapplicable in a fee-shifting case and that his own fees should not have been cut off at the point of C&M's offer of judgment. C&M did not file a cross-petition for certification, thus abandoning the claims for relief that it had advanced before the Appellate Division.

What is before us is the interplay between fee-shifting statutes, in particular CEPA and the PWA, and the offer-of-judgment rule. We hold that a defendant can never be awarded fees under *Rule* 4:58 in a case involving CEPA, the PWA, or a similar fee-shifting statute. However, a trial judge may take into account a plaintiff's unreasonable rejection of an offer of judgment in calculating plaintiff's award under such a statute.

## I.

A fee-shifting statute is one that permits a deviation from the so-called American Rule that requires each party to bear its own litigation costs. *See, e.g., R.* 4:42–9. Fee shifting affords access to the judicial process to persons who have little or no money with which to hire a lawyer by providing an incentive to lawyers to undertake litigation. *Coleman v. Fiore Bros., Inc.,* 113 *N.J.* 594, 597, 552 *A.*2d 141 (1989) (quoting *Carlstadt Educ. Ass'n v. Mayor & Council of Carlstadt,* 219 *N.J.Super.* 164, 166, 530 *A.*2d 34 (App.Div.1987)).

From matters involving consumer fraud, *N.J.S.A.* 56:8–19, to instances of discriminatory treatment, *N.J.S.A.* 10:5–27.1, the New Jersey Legislature has promulgated a "substantial number of statutes authorizing an award of a reasonable counsel fee to the attorney for the prevailing party." Although the underlying purpose of those statutes may vary, they share a common rationale for incorporating a fee-

shifting measure: to ensure "that plaintiffs with bona fide claims are able to find lawyers to represent them[,] ... to attract competent counsel in cases involving statutory rights, .. and to ensure justice for all citizens."

[*New Jerseyans for a Death Penalty Moratorium v. N J. Dep't of Corr.*, 185 *N.J.* 137, 152–53, 883 *A.2d* 329 (2005) (citations omitted).]

In the main, CEPA and the PWA are typical fee-shifting statutes.[1]

## A.

CEPA "seek[s] to overcome the victimization of employees and to protect those who are especially vulnerable in the workplace from the improper or unlawful exercise of authority by employers." *Abbamont v. Piscataway Twp. Bd. of Educ.*, 138 *N.J.* 405, 418, 650 *A.2d* 958 (1994). The counsel-fee element of CEPA was enacted to ensure that plaintiffs have access to the judicial system and to guarantee the availability of competent counsel. *See New Jerseyans for a Death Penalty Moratorium, supra*, 185 *N.J.* at 152–53, 883 *A.2d* 329 (quoting *Coleman, supra*, 113 *N.J.* at 598, 552 *A.2d* 141). Thus, under CEPA, a prevailing employee is entitled to an award of reasonable counsel fees. *N.J.S.A.* 34:19–5(e). A prevailing employer may also be awarded fees, but only where a judge determines that the action was instituted by plaintiff "without basis in law or in fact." *N.J.S.A.* 34:19–6.

## B.

The PWA was enacted to "establish a prevailing wage level for workmen engaged in public works in order to safeguard their efficiency and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to efficiency and well-being." *N.J.S.A.* 34:11–56.25. *See Dep't of Labor v. Titan Constr.*

---

[1] We do not include in our analysis statutes which allow fees to be awarded to any prevailing party. Those "winner take all" enactments are not typical fee-shifting statutes insofar as their purpose is not to attract counsel to pursue public interest litigation, but only to make the prevailing party whole.

*Co.*, 102 *N.J.* 1, 6, 504 *A.*2d 7 (1985) (recognizing PWA's intent to protect employers and employees). In furtherance of its goals, the PWA provides a fee-shifting remedy to a prevailing employee. *N.J.S.A.* 34:11–56.40. The purpose of that provision has been recognized as an effort to vindicate the public policy underlying the PWA by ensuring that "competent counsel" will represent "plaintiffs with bona fide claims," even if the amount in controversy is not great. *See New Jerseyans for a Death Penalty Moratorium, supra,* 185 *N.J.* at 152–53, 883 *A.*2d 329 (quoting *Coleman, supra,* 113 *N.J.* at 598, 552 *A.*2d 141).

## II.

■ The offer-of-judgment rule permits a party to offer to take a monetary judgment or to allow judgment to be taken against it for a sum certain. *R.* 4:58–3. The fundamental purpose of the rule is to induce settlement by discouraging the rejection of reasonable offers of compromise. *See, e.g., Palmer v. Kovacs,* 385 *N.J.Super.* 419, 425, 897 *A.*2d 429 (App.Div.), *certif. denied,* 188 *N.J.* 356, 907 *A.*2d 1015 (2006); *Sovereign Bank v. United Nat. Bank,* 359 *N.J.Super.* 534, 542, 821 *A.*2d 87 (App.Div.), *certif. denied,* 177 *N.J.* 489, 828 *A.*2d 917 (2003); *Firefreeze v. Brennan & Assoc.,* 347 *N.J.Super.* 435, 441, 790 *A.*2d 238 (App.Div.2002). That goal is achieved through the imposition of financial consequences (the award of fees and costs) where a settlement offer turns out to be more favorable than the ultimate judgment. *Firefreeze, supra,* 347 *N.J.Super.* at 441, 790 *A.*2d 238.

*Rule* 4:58–1(a) provides generally for the making and acceptance of an offer of judgment:

> Except in a matrimonial action, any party may, at any time more than 20 days before the actual trial date, serve on any adverse party, without prejudice, and file with the court, an offer to take a monetary judgment in the offeror's favor, or as the case may be, to allow judgment to be taken against the offeror, for a sum stated therein (including costs). The offer shall not be effective unless, at the time the offer is extended, the relief sought by the parties in the case is exclusively monetary in nature.

*Rule* 4:58–2(a) sets forth the consequences of the non-acceptance of a claimant's offer:

> If the offer of a claimant is not accepted and the claimant obtains a money judgment, in an amount that is 120% of the offer or more, *excluding allowable prejudgment interest and counsel fees*, the claimant shall be allowed, in addition to costs of suit: (1) all reasonable litigation expenses incurred following non-acceptance; (2) prejudgment interest of eight percent on the amount of any money recovery from the date of the offer or the date of completion of discovery, whichever is later, but only to the extent that such prejudgment interest exceeds the interest prescribed by *R.* 4:42–11(b), which also shall be allowable; and (3) a reasonable attorney's fee, which shall belong to the client, for such subsequent services as are compelled by the non-acceptance.
>
> [(Emphasis added).]

It goes without saying that the comparative calculational requirements of *Rule* 4:58 necessitate that an offer of judgment under that rule must distinguish between the substantive claim and any fee component.

■ Concomitantly, *Rule* 4:58–3 governs the non-acceptance by the non-claimant and provides:

> (a) If the offer of a party other than the claimant is not accepted, and the claimant obtains a monetary judgment that is favorable to the offeror as defined by this rule, the offeror shall be allowed, in addition to costs of suit, the allowances as prescribed by *R.* 4:58–2, which shall constitute a prior charge on the judgment.
>
> (b) A favorable determination qualifying for allowances under this rule is a money judgment in an amount, excluding allowable prejudgment interest and counsel fees, that is 80% of the offer or less.
>
> (c) No allowances shall be granted if (1) the claimant's claim is dismissed, (2) a no-cause verdict is returned, (3) only nominal damages are awarded, (4) a fee allowance would conflict with the policies underlying a fee-shifting statute or rule of court, or (5) an allowance would impose undue hardship. If, however, undue hardship can be eliminated by reducing the allowance to a lower sum, the court shall reduce the amount of the allowance accordingly.[2]

---

[2] Originally, *Rule* 4:58–3(c) did not include the fee-shifting exception. In 2006, the rule was amended to its present form. Pressler, *Current N.J. Court Rules*, comment 1 on *R.* 4.58 (2009). Lurking in the margins of this case was the question of which version of the rule applied to the offers and judgment, which preceded the amendment. We agree with the Appellate Division that the amendment is the operative rule. In particular, we adopt the reasoning expressed in Judge Stern's concurring opinion, for we discern the amendment not as a change in the rule, but a clarification to expressly state what had always been implied—that a court rule can never be applied in contravention of the

[(Emphasis added).]

The underscored language in *Rule* 4:58–3(c) seeks to reconcile the offer-of-judgment rule with fee shifting by assuring that the palliative fee-award provisions that provide an incentive to lawyers to take on public interest litigation are not diluted by an award of fees to a defendant under *Rule* 4:58. Its applicability to CEPA and the PWA is what is before us.

### III.

We turn first to the award to C&M under the offer-of-judgment rule. The question presented is a straightforward one: whether a fee allowance to a non-claimant under the offer-of-judgment rule "would conflict with the policies underlying" CEPA and the PWA. *R.* 4:58–3(c).

### A.

The trial judge and the Appellate Division properly recognized the applicability of the fee-shifting exception to a CEPA case. Indeed, although CEPA entitles a prevailing employee to the benefits of fee shifting, the Act does not permit a prevailing employer to receive an award of fees except in a narrow band of cases in which "the court determines that an action brought by an employee under this act was without basis in law or in fact." *N.J.S.A.* 34:19–6. In other words, under CEPA, the employer must be vindicated *and* the employee must have proceeded without basis in law or in fact in order for the employer to recover fees.[3] Those are the only circumstances under which the Legislature declared that an employer may be awarded fees under that statute. On its face, that standard is significantly higher than

---

goals underlying a statute. *Best, supra,* 402 *N.J.Super.* at 253–54, 953 *A.*2d 775 (Stern, J., concurring); *accord* Pressler, *supra,* comment 1 on *R.* 4:58.

[3] The Law Against Discrimination (LAD) similarly provides that no fees can be awarded to a prevailing respondent "unless there is a determination that the complainant brought the charge in bad faith." *N.J.S.A.* 10:5–27.1.

that contained in *Rule* 4:58–3, which would permit an award to an employer who has not been vindicated. Because a rule can never trump a statute, it is clear that an employer cannot obtain an award of fees under the offer-of-judgment rule where the employer would not be entitled to such an award under CEPA.[4]

### B.

We have reached a similar conclusion with respect to the PWA. We begin by expressing our disagreement with the Appellate Division's determination that the PWA is not a typical fee-shifting statute because of its twin goals of protecting employers and employees. That is only part of the analysis. The issue is not only whose rights the PWA was drafted to protect, but also for whose benefit the fee-shifting provision was intended. Under the PWA, only the employee can obtain an award of fees. The reason is obvious: employers generally have the wherewithal to defend an employee's claim. Fee shifting evens the playing field for employees who may have been denied the prevailing wage, and whose damages may be small, by providing an incentive to lawyers to take their cases. In other words, there is nothing about the fee-shifting provision of the PWA that would place it outside the reach of the exception in *Rule* 4:58–3(c).

The text of the statute supports that view. The PWA provides that an employee who is successful in connection with his claim is entitled to reasonable attorney's fees for the institution and maintenance of the action. *N.J.S.A.* 34:11–56.40. The PWA makes absolutely no provision for the payment of counsel fees to a prevailing employer and we take from the absence of such a provision a legislative intention to preclude such fees.

---

[4] We note that, by its express terms, *Rule* 4:58–3(c) prohibits an allowance of fees to a non-claimant "when a no-cause verdict is returned." Because the jury returned such a verdict on Best's CEPA claim, any award to C&M in this case is barred on entirely separate grounds.

■ Indeed, other sections of Title 34 of the New Jersey Statutes, of which the PWA is a part, specifically allow fees to a prevailing employer who has been sued by an employee. *See, e.g., N.J.S.A.* 34:11B–12 (Family Leave Act). Yet, no such allowance has been provided in a PWA case. Where the Legislature affords a remedy in one part of a statute, but excludes it in another, we ordinarily deem the omission to be purposeful and apply the statute accordingly. *Higgins v. Pascack Valley Hosp.,* 158 *N.J.* 404, 419, 730 *A.*2d 327 (1999) (citing *GE Solid State, Inc. v. Div. of Taxation,* 132 *N.J.* 298, 307–08, 625 *A.*2d 468 (1993)). In short, we do not perceive in the legislative scheme an intention to permit an employer to recover fees under the PWA, presumably because the employer, unlike the employee, has the resources to support such litigation. That said, the award of fees to C&M on Best's PWA claim was barred by *Rule* 4:58–3(c) and the Appellate Division's contrary holding cannot stand.

## IV.

We turn then to the award to Best under the fee-shifting provision of the PWA.

### A.

■ The Appellate Division agreed with the trial judge that Best's award should have been limited to the fees accrued at the point at which an "entirely reasonable" offer of judgment had been proffered. *Best, supra,* 402 *N.J.Super.* at 249–50, 953 *A.*2d 775. We are in accord, in theory, with that approach.

■ Although, for the reasons we have explained, a defendant cannot be awarded fees in a PWA case for a plaintiff's refusal to accept a settlement offer, plaintiff's application must be scrutinized, as are all statutory fee claims, against a reasonableness standard, including an assessment of plaintiff's rejection of a reasonable offer of judgment in favor of the continuation of litigation. In short, we agree with the courts below that if a judge

determines, under all the circumstances, that defendant proffered a reasonable offer of judgment that plaintiff unjustifiably rejected, that is a factor to be taken into account in determining plaintiff's entitlement to fees.

The problem with the application of that modality in this case is twofold. First, the offer was a global one that did not distinguish the substantive claims from the fees, but included all damages for plaintiff's CEPA and PWA claims "and any and all costs, expenses and/or attorneys fees." As a result, on this record we do not know what was offered on Best's PWA claim.

More importantly, we cannot reconcile the judge's award of $62,529.65 in fees and costs accrued up to the time of C&M's offer with his conclusion regarding the reasonableness of the offer. How could a global offer of $25,000 for Best's CEPA and PWA claims and all costs and fees (even assuming some compromise on the fees) be reasonable if the judge ultimately determined that the reasonable fees and costs accrued up to that point, standing alone, were over $62,000? Conversely, how could fees of $62,000 be deemed reasonable, if the $25,000 offer, inclusive of fees, was reasonable? That disconnect requires a reversal and remand for reconsideration of the issue of whether, under all relevant circumstances, C&M's offer, in fact, was reasonable and whether Best rejected it without cause.

## B.

We turn finally to the Appellate Division's reversal of the trial judge's order reducing Best's award by forty percent based on his "limited success" in the litigation. Little need be said of that point, except that the appellate panel was on solid ground in requiring the trial judge to explain his calculation as required by our Court Rules. *R.* 1:6–2(f).

## V.

Summing up, the judgment of the Appellate Division is affirmed in part and reversed in part. With respect to C&M, we affirm

insofar as the Appellate Division approved the trial judge's denial of C&M's application for fees under CEPA. We reverse insofar as the panel declared the offer-of-judgment rule to warrant an award of fees to C&M under *Rule* 4:58–3 on Best's PWA claim. Regarding Best, we affirm the Appellate Division's order that he be awarded fees under the PWA, but remand the fee calculation for reconsideration in respect of the percentage reduction related to the failed CEPA claim, the reasonableness of C&M's offer of judgment, and, ultimately, the reasonableness of the fee award in its totality. The matter is remanded for a recalculation of Best's fee in accordance with the principles to which we have adverted.

*For affirmance in part/reversal in part/remandment*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO and HOENS—7.

*Opposed*—None.