**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1717-15T1

LUCIA SERICO, Executrix
of the Estate of BENJAMIN
SERICO, deceased, and
LUCIA SERICO, Individually,

     Plaintiffs-Appellants,

v.

ROBERT M. ROTHBERG, M.D.,

     Defendant-Respondent,

and

MOUNTAINSIDE HOSPITAL and
RICHARD ROE, M.D.,

     Defendants.

**APPROVED FOR PUBLICATION**

**February 16, 2017**

**APPELLATE DIVISION**

_____

Argued January 31, 2017 — Decided  February 16, 2017

Before Judges Reisner, Koblitz, and Rothstadt.

On appeal from the Superior Court of New
Jersey, Law Division, Essex County, Docket No.
L-3566-11.

Robert H. Solomon argued the cause for
appellants (Nagel Rice, LLP, attorneys; Bruce
H. Nagel and Bradley L. Rice, on the briefs).

James B. Sharp argued the cause for respondent
(Schenck, Price, Smith & King, LLP, attorneys;

Mr. Sharp and Benjamin A. Hooper, on the brief).

The opinion of the court was delivered by

ROTHSTADT, J.A.D.

Plaintiff, Lucia Serico,[1] individually and as executrix of her late husband Benjamin Serico's estate, appeals from the trial court's order denying her motion for attorney's fees pursuant to the offer of judgment rule. R. 4:58-1 to -6.[2] The Law Division denied the motion because plaintiff and defendant, Robert M. Rothberg, M.D., entered into a high-low agreement[3] in which plaintiff did not expressly reserve her right to recover fees under the Rule. Based on the court's experience, it found that the "custom and usage" in the practice of law dictated that without

---

[1] Benjamin Serico passed away during the pendency of this litigation. Lucia Serico, as executrix of his estate, pursued his claim for negligence and her own per quod claim. We, therefore, refer to plaintiff in the singular.

[2] "The offer-of-judgment rule permits a party to offer to take a monetary judgment or to allow judgment to be taken against it for a sum certain." Best v. C&M Door Controls, Inc., 200 N.J. 348, 356 (2009) (citing R. 4:58-3). "[I]f the offer of a claimant is not accepted and the claimant obtains a money judgment, in an amount that is 120% of the offer or more . . . the claimant shall be allowed, in addition to costs of suit . . . all reasonable litigation expenses incurred following non-acceptance" and other relief. R. 4:58-2(a).

[3] A high-low agreement is a settlement agreement that guarantees a plaintiff a minimum recovery and limits a defendant's exposure to an agreed upon amount regardless of the jury's award, if any. See infra.

evidence of a reservation of rights, a claim under the Rule was waived by entering into a high-low agreement. On appeal, plaintiff contends that although she did not reserve her rights, she did not waive them by entering into the high-low agreement. Defendant argues that plaintiff's failure to reserve her rights gave rise to a waiver or abandonment of any claim she had for attorney's fees and, in any event, as the trial court found, the "custom and usage" practiced in the area provides that such claims are deemed abandoned when a party enters into a high-low agreement.

We have considered the parties' contentions in light of the record and the applicable principles of law. We affirm, but for reasons different from those expressed by the trial court. We conclude the trial court's reliance on its personal experience was misplaced, but it correctly determined that the amount of plaintiff's total recovery from defendant was limited by the ceiling imposed by the high-low agreement.

The material facts are not in dispute and can be summarized as follows. Plaintiff instituted this medical malpractice action against defendant for failing to diagnose Benjamin Serico's colon cancer. While the matter was awaiting a trial date, plaintiff made an offer to accept a judgment against defendant in the amount $750,000, "inclusive of costs and prejudgment interest" in accordance with the Rule. Defendant did not respond to the offer.

During the ensuing trial, while the jury was deliberating, the parties entered into the high-low agreement. The agreement, as placed on the record by counsel, provided for a "low" of $300,000 and a "high" of $1 million.

Plaintiff's counsel negotiated the agreement with defendant's carrier's representative and defense counsel. During the course of the negotiations, no one mentioned the Rule or plaintiff's possible entitlement to any award based upon defendant's rejection of her offer of judgment.[4] Plaintiff's counsel never expressed any intention to waive or pursue the offer of judgment remedies, nor did defendant's insurance carrier's representative or his attorney make any demand for a release or waiver of plaintiff's rights under the Rule.

When counsel placed the terms of the settlement on the record, neither mentioned plaintiff's entitlement to recover fees. They did state, however, that they agreed plaintiff's medical expenses claim and any interest would be subsumed within the amount of the high-low agreement.[5] As defense counsel stated regarding interest,

---

[4] See R. 4:58-1(b) (setting period for filing of acceptance of offer); see also R. 4:58-2(a) (requiring that an offer be accepted in order to avoid the consequences of the Rule).

[5] The parties had earlier removed the issue of medical expenses from the jury's consideration, leaving it to the court to decide after the jury's verdict.

without objection, "[i]f there is a verdict in favor of the plaintiff . . . at any point for an amount of money [at] any point between $300,000 and a million dollars, the plaintiff gets that amount of money without interest."[6]  Finally, the parties waived any right to appeal the judgment.

On the same day, the jury returned a verdict in favor of plaintiff for $6 million.  As a result, plaintiff was entitled to the entry of a judgment against defendant pursuant to the high-low agreement in the amount of $1 million, which was more than 120% of the amount of her offer of judgment.

Because the judgment exceeded the Rule's 120% threshold, plaintiff filed a motion for an award of attorney's fees and costs. Plaintiff's counsel's supporting certification explained that he never agreed or intended to waive or release the provisions of the offer of judgment.  Defendant's counsel submitted a certification in opposition in which he confirmed that plaintiff's counsel never mentioned the offer of judgment during the high-low agreement's negotiations or expressed any intention of preserving his client's right to attorney's fees and costs under the Rule.

After considering the parties' submissions and oral arguments, the trial court denied their motions, explaining the

---

[6]  Rule 4:42-11(b) governs prejudgment interest.

court's reasons in a written decision. The court found that the parties agreed that plaintiff's rights pursuant to the Rule were not discussed during the settlement negotiations and the issue was not mentioned while placing the agreement on the record. Relying on Malick v. Seaview Lincoln Mercury, 398 N.J. Super. 182 (App. Div. 2008), the court observed that where there are documents that discuss the terms of a high-low agreement and the relationship of the offer of judgment to the agreement, a court could analyze those documents and determine whether the offer of judgment remedies were preserved when the high-low agreement was made. Distinguishing Malick, the court noted that there were no documents for it to consider in order to glean the parties' intent in this case.

The court explained that it therefore "must be bound by the custom and usage in the industry, in this case the legal industry or profession in New Jersey" because there was nothing in the contract to indicate the parties' intent and "no prior course of dealing indicating the parties' intent . . . ." Relying on his forty-two years of experience as a civil litigator and as a trial court judge, the judge stated that in instances that implicated a high-low agreement and the Rule, never have prevailing parties pursued a claim. He also stated that he "conferred with several colleagues who have had similar experiences" and they informed him

6

that successful parties who entered into high-low agreements rarely, if ever, made an application for fees under the Rule, and, in the rare instance when they did, the motion was denied. The court concluded, "in the absence of a contrary oral or written contemporaneous statement by counsel that the Offer of Judgment Rule will survive a high-low agreement, the Offer of Judgment Rule sanctions cannot be enforced after a high-low agreement."

The court entered its order denying the parties' motions. This appeal followed.

Plaintiff argues on appeal that she is entitled to legal fees after obtaining a judgment against defendant in excess of 120% of the rejected offer of judgment, consistent with the Rule's "purpose to impose financial consequences on a party [that] rejects a settlement offer." Relying on Wiese v. Dedhia, 188 N.J. 587, 592 (2006), plaintiff argues the Rule "is cast in mandatory and not exhortatory terms, and, thus, accords judges no discretion regarding whether or not to award attorney's fees . . . ." Moreover, she contends the parties' high-low agreement is a contract subject to the traditional rules of contract interpretation. Plaintiff asserts that the terms of the contract are clear, there is no room for interpretation, and a party "cannot be relieved from the language simply because they had a secret, unexpressed intent that the language should have an interpretation

contrary to the words' plain meaning." Relying on Malick, plaintiff argues, "absent an express waiver by the parties of the rights afforded by the [Rule]," a high-low agreement alone does not waive a plaintiff's right to seek sanctions under the Rule. Without her express waiver, plaintiff argues that the trial court "erred by permitting [d]efendant to avoid the consequences of his rejection of the [o]ffer of [j]udgment." We disagree.

"On . . . appeal we review de novo the trial judge's factual and legal conclusions reached after a summary proceeding, including his construction of" the Rule. Malick, supra, 398 N.J. Super. at 186. Applying that standard here, we conclude the trial court mistakenly relied upon its own experiences and those of other judges in other matters. See Cuevas v. Wentworth Grp., 226 N.J. 480, 486 (2016) (rejecting reliance upon a judge's personal experience relating to verdicts when considering a remittitur motion).[7] Nevertheless, we affirm.

By entering into the high-low agreement, plaintiff could not recover any amount beyond the "high" to which she agreed because the agreement limits the total amount of defendant's obligation to that amount. "A high-low agreement is a device used in

---

[7] At the time the trial court decided the matter, the Supreme Court's opinion in He v. Miller, 207 N.J. 230 (2011) permitted reliance on a judge's experience.

negligence cases in which a defendant agrees to pay plaintiff a minimum recovery in return for plaintiff's agreement to accept a maximum sum regardless of the outcome of the trial." Malick, supra, 398 N.J. Super. at 184 n.1 (quoting Benz v. Pires, 269 N.J. Super. 574, 578 (App. Div. 1994)). As we have previously explained while addressing a successful claimant's right to interest under the Rule:

> A high-low agreement governs a number of possible trial outcomes:
>
> If there is a no-cause verdict, the agreed floor controls, and plaintiff takes that amount. There is nothing to calculate interest on. There is only the agreed minimum recovery.
>
> If there is a damage verdict below the agreed floor, interest is calculated on the verdict and plaintiff receives the total, up to the agreed ceiling; if the total does not exceed the floor, plaintiff receives the floor.
>
> If there is a damage verdict of the floor or more, but less than the agreed ceiling, interest is calculated on the verdict. Plaintiff receives the full amount up to the ceiling.
>
> If there is a damage verdict of the ceiling or more, plaintiff receives the amount of the ceiling.
>
> [Benz, supra, 269 N.J. Super. at 579-80 (emphasis added).]

High-low agreements are contracts and are subject to traditional rules of contract interpretation. See Malick, supra,

389 N.J. Super. at 186.  Like any contract, if the terms of a high-low agreement are clear, "they are to be enforced as written." Id. at 187 (citing Cnty. of Morris v. Fauver, 153 N.J. 80, 103 (1998)).

The parties' high-low agreement made no mention of the effect of defendant's rejection of plaintiff's offer of judgment that, absent the high-low agreement, entitled plaintiff to an award of counsel fees and other remedies based upon the amount of the judgment entered after the jury's verdict.  See R. 4:58-2.  "The fundamental purpose of the [Rule] is to induce settlement by discouraging the rejection of reasonable offers of compromise." Best, supra, 200 N.J. at 356 (citations omitted).  "That goal is achieved through the imposition of financial consequences (the award of fees and costs) where a settlement offer turns out to be more favorable than the ultimate judgment."  Ibid. (citing Firefreeze Worldwide Inc. v. Brennan & Assocs., 347 N.J. Super. 435, 441 (App. Div. 2002)).  It is the amount of the actual money judgment that determines the amount against which the offer of judgment is measured, not against the jury's verdict.  See Malick, supra, 398 N.J. Super. at 190-91.

It is a basic assumption of high-low agreements that "a plaintiff cannot recover more than the amount agreed to as the 'high' limit," id. at 187, even if a court rule entitles the

plaintiff to more.  See Benz, supra, 269 N.J. Super. at 578-79 (rejecting plaintiff's claim for prejudgment interest beyond the limits of the high-low agreement because it was never "mentioned on the record [and n]o one contend[ed] it was discussed off the record" before entering into the agreement).  Awarding a plaintiff any sum more than the "high" would be contrary to the "purpose of encouraging defendants to seek early disposition . . . ."  Id. at 579.

The holding in Malick does not compel a contrary result.  In Malick, the plaintiff's offer of judgment, $650,000, was made prior to trial, during which the parties negotiated a high-low agreement with $175,000 as the "low," and $1 million as the "high" figure.  Malick, supra, 389 N.J. Super. at 184-85.  The jury returned a verdict of $5 million, and the plaintiff sought penalties under the Rule, including prejudgment interest calculated upon the amount of the jury verdict.  Id. at 185.  We reversed the trial court's denial of the motion and ordered a plenary hearing because there were documents indicating "that plaintiff was 'preserving [his] remedies' under the offer of judgment rule . . . .'"  Id. at 189.  We stated, however, absent an agreement, a plaintiff cannot recover more than the amount agreed to as the "high" limit.  Id. at 187.

In the present case, plaintiff did not come forward with any evidence that she preserved her rights under the Rule. To the contrary, as in Benz, it was undisputed that there was no evidence the parties ever mentioned plaintiff's claim for any amount other than the high-low amounts, medical expenses, and interest. Without evidence that the parties agreed to allow plaintiff to seek amounts in excess of the high, she was not entitled to any other payments. Malick, supra, 398 N.J. Super. at 187 ("a plaintiff is entitled to prejudgment interest if the jury's verdict is somewhere in between the high and low limits, but not if the verdict is higher than the amount set as the 'ceiling'").

Parties are always free to preserve any claim they might have pursuant to a court rule or otherwise when settling a case, see Malick, supra, 398 N.J. Super. at 187; Benz, supra, 269 N.J. Super. at 580, but they must clearly state that intention at the time of the settlement. In this case, as with any settlement, if there was any intention to preserve a claim for amounts beyond the high, "[i]t was [plaintiff's counsel's] obligation to clearly indicate that plaintiff retained [the] right to [seek fees] and that the entire matter was not being resolved in the [high-low agreement]." Elliott-Marine v. Campenella, 351 N.J. Super. 135, 142 (App. Div.), certif. denied, 174 N.J. 365 (2002). A claim for additional amounts beyond the high, including attorney's fees, is considered

encompassed within a negotiated settlement unless expressly preserved because "[g]ood practice and the ordinary candor expected between attorneys dictate that . . . [plaintiff's] counsel make defendants and defense counsel aware of the[] conditions for settlement of any pending litigation."  Coleman v. Fiore Bros., Inc., 113 N.J. 594, 611 (1989), overruled in part on other grounds, Pinto v. Spectrum Chems. & Lab. Prods., 200 N.J. 580 (2010).

Because the jury's verdict here was in excess of the high, the trial court correctly rejected plaintiff's claim and limited plaintiff's recovery to $1 million, including all fees and costs to which she might have been entitled.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1717-15T1