**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0038-24

NAVAN DEEP KAUR,

     Plaintiff-Appellant,

v.

RIGHT AT HOME OF
CENTRAL NEW JERSEY,

     Defendant-Respondent.

_____

     Submitted October 21, 2025 – Decided December 23, 2025

     Before Judges Sumners and Augostini.

     On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1436-24.

     Navan Deep Kaur, self-represented appellant.

     Chiesa Shahinian & Giantomasi PC, attorneys for respondent (Christopher R. Paldino, on the brief).

PER CURIAM

     Plaintiff Navan Deep Kaur contracted with defendant Right at Home of Central New Jersey to provide in-home care services for plaintiff's disabled

brother. Plaintiff alleged that defendant negligently breached the contract and provided subpar care, causing her to miss another sibling's wedding and to suffer consequential damages. In her amended complaint, plaintiff alleged breach of contract, negligence, and willful and wanton misconduct.

On July 12, 2024, the trial court granted defendant's Rule 4:6-2(e) motion to dismiss the claims for consequential damages, negligence, and misconduct, leaving only the breach of contract claim. On the same day, plaintiff accepted an offer of judgment of $5,000 in satisfaction of all claims in her complaint.

Plaintiff later unsuccessfully moved to reopen the litigation. On September 25, 2024, having enforced the parties' settlement agreement, the court dismissed plaintiff's complaint with prejudice.

Plaintiff now appeals from the July 12, 2024 order dismissing her claims. After considering the record in light of the governing legal principles, we conclude that plaintiff's appeal is procedurally barred because she settled all claims by accepting the offer of judgment and did not preserve her right to appeal from the July 12, 2024 ruling order. Accordingly, we dismiss the appeal.

I.

Plaintiff hired defendant to provide home health care services for plaintiff's incapacitated brother for approximately five days, from June 16, 2021

2

through June 21, 2021, so that plaintiff could attend her younger brother's wedding. The caregiver was to be a live-in, certified home health aide, providing twenty-four-hour care for the duration of the wedding festivities. Plaintiff paid defendant $2,115 in advance for the services.

Plaintiff alleges that the caretaker neglected her brother, causing her to miss the wedding, and defendant did not send a replacement caregiver upon her request. Two years later, in May 2023, plaintiff filed a complaint against defendant, asserting negligence, breach of contract, and violations of the "Consumer Affairs of New Jersey." A year later, plaintiff amended her complaint, adding the claim of willful and wanton misconduct. Although the underlying contract barred the recovery of consequential damages, plaintiff amended her complaint to claim $35,750 in damages consisting of various wedding expenses.

On July 12, 2024, the court partially dismissed plaintiff's claims under Rule 4:6-2(e) for failing to state a claim under which relief could be granted. Only the breach of contract claim remained. The same day, plaintiff accepted and signed an offer of judgment of $5,000 for all claims associated with the matter, thereby settling the case.

A-0038-24

On July 17, 2024, plaintiff submitted an uncertified statement to the court advising that the offer of judgment was limited to the breach of contract claim only. However, on July 30, 2024, the court issued an amended order[1] memorializing plaintiff's acceptance of the offer of judgment, emphasizing that the offer was made "in satisfaction of all claims against [] [d]efendant including any and all claims for interest, costs, expenses, and/or attorneys' fees in connection with the above matter."

On August 5, 2024, plaintiff unsuccessfully moved to reopen the case, contending the parties had not agreed to the final settlement terms and that the court improperly amended its July 18, 2024 judgment. In response, defendant cross-moved to enforce the settlement. On September 13, 2024, the court granted defendant's motion, enforcing the settlement. Shortly thereafter, on September 25, 2024, the court issued a final order dismissing plaintiff's entire amended complaint with prejudice. In her notice of appeal, plaintiff does not challenge either the September 13, 2024 or September 25, 2024 orders, only the

---

[1] Footnote one of the July 30, 2024 order states that the order amends the July 18, 2024 order, which "erroneously stated 'plus costs.'" The record does not contain the July 18, 2024 order.

A-0038-24

July 12, 2024 order.  See R. 2:5-1(f)(2)(ii) (the notice of appeal "shall also designate the judgment, decision, action, or rule . . . appealed from").

In an August 6, 2024 letter to the court, defendant's counsel confirmed that the $5,000 settlement check had been delivered to plaintiff.  Although plaintiff asserted the check would be returned, she acknowledged that it had been "mistakenly" deposited.  This appeal of the July 12, 2024 order followed.

Plaintiff contends that the trial court made errors of law and of fact.  Specifically, she claims the "standard of dismissal" under Rule 4:6-2(e) was not met; the trial court erred by misstating plaintiff's claims and by finding that defendant owed no duty to plaintiff.

## II.

We begin with the threshold issue of jurisdiction to decide this appeal following the parties' settlement agreement.  As noted, following the partial dismissal of plaintiff's claims on July 12, 2024, the parties settled the case.  In accordance with their voluntary settlement, the court dismissed the case, which included those claims dismissed by the court on July 12, 2024, as well as the remaining breach of contract claim.  On September 13, 2024, the court enforced the settlement, and plaintiff does not challenge this order.  Defendant contends plaintiff's appeal is moot because the entirety of the underlying amended

5

complaint was voluntarily settled.  Because plaintiff did not file a reply brief, she has not opposed this argument.

Our state has a strong public policy in favor of settlements.  Brundage v. Estate of Carambio, 195 N.J. 575, 601 (2008).  "Generally, an order consented to . . . is not appealable."  O'Loughlin v Nat'l Cmty. Bank, 338 N.J. Super. 592, 602 (App. Div. 2001) (citing Winberry v. Salisbury, 5 N.J. 240, 255 (1950)); Keller v. Lozzi, 7 N.J. 17, 26 (1951) (holding that a dismissal of a suit made after the parties enter an agreement is a dismissal on the merits and bars further litigation on the same subject).  "This is because the rule allowing an appeal as of right from a final judgment contemplates a judgment entered involuntarily against the losing party."  N.J. Sch. Constr. Corp. v. Lopez, 412 N.J. Super. 298, 308-09 (App. Div. 2010) (citing Cooper Med. Ctr. v. Boyd, 179 N.J. Super. 53, 56 (App. Div. 1981)).

"There is, however, an exception to this general rule against appealability where parties to a consent judgment reserve the right to appeal an interlocutory order 'by providing that the judgment would be vacated if the interlocutory order were reversed on appeal.'"  N.J. Sch. Constr. Corp., 412 N.J. Super. at 309 (quoting Janicky v. Point Bay Fuel, Inc., 410 N.J. Super. 203, 207 (App. Div. 2009)).  "Parties are always free to preserve any claim they might have pursuant

to a court rule or otherwise when settling a case." Serico v. Rothberg, 448 N.J. Super. 604, 615 (App. Div. 2017). However, "they must clearly state that intention at the time of the settlement." Ibid.

In this case, if plaintiff intended to preserve her right to appeal the July 12, 2024 involuntary dismissal of her claims, it was her obligation to "clearly indicate that [she] retained [the] right to [appeal the court's dismissal] and that the entire matter was not being resolved by the [offer of judgment]." Ibid. Plaintiff made no such statement on the record or in writing at the time she accepted the offer of judgment. Plaintiff failed to preserve her right to appeal the dismissal of any claims when accepting the offer of judgment. She also effectively waived her right to appeal the July 12, 2024 order by accepting the offer of judgment, as evidenced by her signature on the offer, cashing the settlement check and not preserving her right to appeal the previously dismissed court ruling.

Plaintiff voluntarily agreed to accept the offer of judgment and settle the case in its entirety following the court's ruling on defendant's Rule 4:6-2(e) motion to dismiss. The settlement barred any further litigation, including any appeal. In light of the parties' settlement, we decline to consider plaintiff's substantive arguments. Doing so would undermine the finality of settlement

7

agreements. Moreover, "our courts have refused to vacate final settlements absent compelling circumstances." Kaur v. Assured Lending Corp., 405 N.J. Super. 468, 475 (App. Div. 2009) (quoting Pascarella v. Bruck, 190 N.J. Super. 118, 125 (App. Div. 1983)). We discern no such circumstances here.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hadley*

Clerk of the Appellate Division

A-0038-24