220 N.J. Super. 518 (1987)
532 A.2d 1131
RICHARD SHAFER, PLAINTIFF,
v.
BERT F. CRONK AND MARION M. SMITH, DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided April 24, 1987.
*519 Roscoe L. Lamb, for plaintiff (Lamb & Kern, attorneys).
William H. Mergner, Jr., for defendant Bert F. Cronk (W. Stephen Leary, attorney).
George O. Foster, for defendant Marion M. Smith (Fiorello, Foster & Corrado, attorneys).
MINUSKIN, J.S.C.
The novel issue presented in this case is whether plaintiff's "high-low"[1] agreement with one defendant-tortfeasor, reached *520 prior to verdict, constitutes a settlement entitling the other defendant-tortfeasor to an offset from the verdict rendered against the settling defendant.
Plaintiff, a passenger in an automobile, sued defendant Cronk, his host driver, and defendant Smith, the operator of the other vehicle. Cronk and Smith were involved in a head-on collision. During trial plaintiff and defendant Smith entered into a "high-low" agreement on the record, in which defendant Smith agreed to pay plaintiff $40,000 but be limited to $100,000, regardless of the jury verdict above or below those amounts. They further agreed to accept any jury verdict rendered where the sum awarded against Smith was for a sum between those figures.
The jury returned a verdict of comparative negligence finding defendant Smith liable to the extent of 97% and defendant Cronk to the extent of 3%, and awarded plaintiff $500,000 for his injuries. On motion prior to the entry of judgment, plaintiff asserted that defendant Cronk is liable to him for the full extent of the $500,000 verdict citing N.J.S.A. 2A:15-5.3, which permits recovery of the full amount against any party against whom such recovering party is not barred from recovery.[2] Defendant Cronk disagreed and claimed his liability was limited to $15,000  his 3% liability for the negligence. Defendant Cronk further asserted that the effect of the "high-low" agreement was a settlement by plaintiff with defendant Smith which in effect barred any contribution defendant Cronk could seek *521 from defendant Smith. On the other hand, plaintiff asserted that the "high-low" agreement was not a settlement and did not constitute such a bar. At issue is the determination of the "high-low" arrangement, and whether it is a settlement so as to bar plaintiff from seeking recovery of the full amount from defendant Cronk.
A settlement is defined as
[A]ct or process of adjusting or determining; an adjusting; an adjustment between persons concerning their dealings or difficulties; an agreement by which parties having disputed matters between them reach or ascertain by which parties having disputed matters between them reach or ascertain what is coming from one to the other; arrangement of difficulties; composure of doubts or differences; determination by agreement;.... In legal parlance, implies meeting of minds of parties to transactions of controversy. [Black's Law Dictionary (5 ed. 1979) 1231]
Settlement, therefore, is a contract between the parties resolving matters in dispute. The basic principles of contract law apply  offer and acceptance based upon consideration. Defendant Smith offered, and plaintiff accepted specific terms and conditions, as previously recited. There was adequate consideration because plaintiff agreed to give up an expectation of a larger verdict for a guarantee of a sum certain. Defendant Smith agreed to pay a sum certain so as not to be exposed to a larger verdict. Such an arrangement constitutes a valid and enforceable contract.
Moreover, the purpose of the contract was to amicably settle the difference between them and may therefore be construed to be a compromise or settlement. These terms have been held in some respects to be synonymous and frequently are used interchangeably. 15A C.J.S., Compromise & Settlement, § 1 at 170. Because of its similarity to other kinds of arrangements known as settlement, it must and should be considered a settlement. If it has the appearance of a settlement, by the application of its terms acts like a settlement, and by its language talks in settlement terms, then it must be a settlement. The court, therefore, determines that a contract, entered into between the parties which is based upon adequate consideration, *522 and which intends to predetermine issues in dispute, is an arrangement which is contemplated by the term "settlement."
When a plaintiff settles with one joint tortfeasor, that settlement discharges defendant's indebtedness by the percentage attributable to the settling defendant's conduct. Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548 (1980); Riccio v. Prudential Property & Cas. Ins. Co., 195 N.J. Super. 167 (App.Div. 1984). Having determined that the "high-low" arrangement is a settlement, its effect then is to bar further recovery from the defendant Cronk. Consequently, defendant Cronk shall not be compelled to pay any more than his percentage share.
Judgment is hereby entered for the plaintiff and against the defendant Cronk in the amount of $15,000.
NOTES
[1] A "high-low" agreement is a comparatively new device used in negligence litigation where an alleged tortfeasor agrees to guarantee plaintiff a minimum sum of money in return for plaintiff's acceptance of a maximum sum regardless of the outcome of the jury verdict  and any verdict rendered for a sum between these figures is to be accepted by the parties. Its advantage to plaintiff is to guarantee a minimum sum. Its benefit to defendant is to limit his exposure to a larger sum which may be arrived at by a jury verdict.
[2] N.J.S.A. 2A:15-5.3 provides:

Recovery of amount of molded verdict; contribution from joint tortfeasors.
The party so recovering may recover the full amount of the molded verdict from any party against whom such recovering party is not barred from recovery. Any party who is so compelled to pay more than such party's percentage share may seek contribution from the other joint tortfeasors.