269 N.J. Super. 574 (1994)
636 A.2d 101
KARIN ANNE BENZ, PLAINTIFF-APPELLANT,
v.
HELIO S. PIRES, DEFENDANT-RESPONDENT, AND MICHAEL J. GENERAZIO AND NEW JERSEY MANUFACTURERS INSURANCE COMPANY, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 1, 1993.
Decided January 18, 1994.
*577 Before Judges R.S. COHEN, D'ANNUNZIO and WALLACE.
Amirali Y. Haidri argued the cause for appellant.
James F. Healey argued the cause for respondent (Sanderford & Healey, attorneys, Mr. Healey on the letter brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
Plaintiff brought this auto negligence action against two drivers, defendants Pires and Generazio.[1] Pretrial settlement efforts were unsuccessful, but plaintiff and defendant Pires entered into a "high-low" agreement with a floor of $45,000 and a ceiling of $62,500. After a liability trial, the jury found Generazio completely responsible for the accident, and exonerated Pires. On the basis of the high-low agreement, an order for judgment was entered in plaintiff's favor against Pires for $45,000. Plaintiff sought to have prejudgment interest added to the judgment. The Law Division judge denied plaintiff's application. She appealed; we affirm.
The high-low agreement was announced before trial began:
[PLAINTIFF'S COUNSEL]: Your Honor, the proposed plan ... is that we have an agreement with defendant Pires and only defendant Pires to the effect that regardless of the outcome of any finding of the jury at damages phase, if the *578 verdict is below $45,000, then judgment will be entered in favor of [plaintiff] and against defendant Pires in the amount of $45,000.
In the event that the damages phase jury renders a verdict against defendant Pires between the amount of $45,000 and $62,500, then judgment will be entered for that amount. In the event that the damages phase jury renders a verdict against Mr. Pires and in favor of [plaintiff] exceeding $62,500, the verdict shall be molded and judgment entered for $62,500. With the additional proviso that if the liability phase jury exonerates Mr. Pires fully, then judgment will be entered against him nonetheless in the amount of $45,000 in favor of [plaintiff].
Defendant Pires's counsel responded:
... on behalf of my client, no matter what happens as far as the liability is concerned or the damages, we will pay a minimum of $45,000 in connection with this case. And on the other hand, we will pay a maximum amount of $62,500.
THE COURT: Okay. And the $45,000 will be payable even if this jury saw fit to exonerate your client.
[DEFENSE COUNSEL]: That is correct, your Honor.
THE COURT: But as the quid pro quo, the maximum that you could be responsible for is $62,500.
[DEFENSE COUNSEL]: That is correct.
THE COURT: Okay. [Plaintiff's counsel], that's your understanding, too?
[PLAINTIFF'S COUNSEL]: That is my understanding indeed, your Honor.
Prejudgment interest was not mentioned on the record. No one contends it was discussed off the record.
The high-low agreement resulted from a failed effort to settle the case. Plaintiff would not take less than $62,500. Defendant would not pay more than $45,000. If defendant agreed to pay plaintiff's demand, there would have been no prejudgment interest on the settled amount of $62,500. If plaintiff agreed to take defendant's offer, there would have been no prejudgment interest on the settled amount of $45,000. There is no reason why the high-low agreement should operate differently.
A high-low agreement is a device used in negligence cases in which a defendant agrees to pay plaintiff a minimum recovery in return for plaintiff's agreement to accept a maximum sum regardless of the outcome of the trial.[2] Any outcome between *579 the agreed limits is to be accepted by the parties. A high-low agreement protects a plaintiff from the danger of receiving less than the floor amount and protects a defendant from exposure to a judgment higher than the agreed ceiling. See Shafer v. Cronk, 220 N.J. Super. 518, 519 n. 1, 532 A.2d 1131 (Law Div. 1987).
Unless the parties expressly say otherwise, calculation of prejudgment interest beyond the chosen limits is not part of a high-low agreement. The parties agree to let the usual process of trial and judgment operate and control the outcome, under all of the rules applicable to trial determinations, including R. 4:42-11(b), but they also agree that the result must be somewhere within the predetermined limits. Plaintiff is assured of a minimum of the agreed floor. Defendant's exposure is limited to the agreed ceiling. Thus, the limits are not subject to a rule for prejudgment interest which is not ordinarily applied to a settlement, whether or not effectuated by a judgment, see Notice to the Bar, 95 N.J.L.J., Index Page 341 (1972),[3] and whose purpose of encouraging defendants to seek early disposition would not be advanced by adding interest to the limits of a high-low agreement. See Coleman v. Fiore Bros. Inc., 113 N.J. 594, 606, 552 A.2d 141 (1989); Busik v. Levine, 63 N.J. 351, 359, 307 A.2d 571 (1973).
A high-low agreement governs a number of possible trial outcomes:
*580 If there is a no-cause verdict, the agreed floor controls, and plaintiff takes that amount. There is nothing to calculate interest on. There is only the agreed minimum recovery.
If there is a damage verdict[4] below the agreed floor, interest is calculated on the verdict and plaintiff receives the total, up to the agreed ceiling;[5] if the total does not exceed the floor, plaintiff receives the floor.
If there is a damage verdict of the floor or more, but less than the agreed ceiling, interest is calculated on the verdict. Plaintiff receives the full amount up to the ceiling.
If there is a damage verdict of the ceiling or more, plaintiff receives the amount of the ceiling.
There is nothing to prevent the parties from making a different high-low agreement. They can agree, for instance, that prejudgment interest should be applied to the stipulated limits. If the parties so agree, then interest will be applied according to the terms of the agreement, but not because R. 4:42-11(b) requires it.
Affirmed.
NOTES
[1] Defendant New Jersey Manufacturers was plaintiff's Personal Injury Protection insurer, and was sued for unpaid medical expenses.
[2] No assertion is made that the parties' agreement is a "Mary Carter" agreement, a settlement device which has been restricted or even invalidated in many jurisdictions because it secretly and unfairly allies one defendant with plaintiff to the prejudice of the other defendant. See Dosdourian v. Carsten, 624 So.2d 241 (Fla. 1993); Ziegler v. Wendel Poultry Service, Inc., 67 Ohio St.3d 10, 615 N.E.2d 1022 (1993); Leon v. J. & M. Peppe Realty Corp., 190 A.D.2d 400, 596 N.Y.S.2d 380 (1993).
[3] "In response to questions with regard to ... R. 4:42-11(b), Interest on Judgments, the Supreme Court has authorized the following responses:

* * * * * * * *
(4) Does R. 4:42-11(b) apply where a judgment is entered following a settlement? No. The Supreme Court intends that interest be added only when an award is made as a result of a trial ..."
[4] For these purposes, "damage verdict" means the verdict after any necessary adjustments dictated by comparative fault findings or collateral source rules.
[5] It is arguable that the parties' agreement expressly departed from this rule. ("... if the verdict is below $45,000, then judgment will be entered ... in the amount of $45,000.") We need not decide the question in order to dispose of the present case.