940 A.2d 1221 (2008)
398 N.J. Super. 182
Thomas MALICK, Plaintiff-Respondent,
v.
SEAVIEW LINCOLN MERCURY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 2008.
Decided February 20, 2008.
*1222 Mitchell S. Berman argued the cause for appellant.
R.C. Westmoreland argued the cause for respondent (Westmoreland Vesper & Quattrone, West Atlantic City, attorneys; Mr. Westmoreland, on the brief).
Before S.L. REISNER, GILROY and KING.
The opinion of the court was delivered by
S.L. REISNER, J.A.D.
Defendant Seaview Lincoln Mercury appeals from a March 27, 2007 order of the trial court awarding plaintiff Thomas Malick $224,552 in prejudgment interest under the offer of judgment rule, R. 4:58-2. We reverse and remand for a plenary hearing.

I
The central issue in this personal injury case is whether the parties' high-low agreement, reached in the middle of the trial, precluded an award of interest under the offer of judgment rule, R. 4:58-2.[1] Plaintiff filed a complaint on May 10, 2004, alleging that he was injured on defendant's premises. Plaintiff served defendant with a timely offer of judgment for $650,000 on August 4, 2006, but defendant did not accept the offer.
In the middle of the trial, plaintiff's attorney R.C. Westmoreland negotiated a high-low agreement with William Davis, a senior litigation manager for defendant's insurer Zurich Insurance Company (Zurich), located in Pittsburgh, Pennsylvania. The only evidence of the negotiations in this record consists of two e-mails and one letter.
On January 18, 2007, Westmoreland sent Davis an e-mail confirming "what I believe we agreed to for the Hi Lo. The high is $1,000,000 and the low is $175,000." Westmoreland then offered the following caveat:
These numbers apply to the verdict and prejudgment interest ONLY. They do not apply to legal fees and litigation costs that may be awarded in the event that Plaintiff's Offer of Judgment is successful and the court awards such fees and costs. For instance, if Plaintiff gets a $1,400,000 verdict and the court then awards Plaintiff's counsel fees and costs under R. 4:58 of $150,000. You pay only $1,000,000 of the verdict but the entire $150,000 of the fees/costs awarded.
In reply, Davis sent Westmoreland an email accepting "the terms of this high/low agreement." Davis further indicated
I do not think the legal fees issue is going to be an issue because we do not think the offer of judgment will be met by the verdict.
Rather than walk away from the agreement, I will add this marginal risk factor to the deal.
Finally, on January 19, 2007, Westmoreland faxed Davis a confirming letter reciting that "[m]y January 18 e-mail at 12:17 p.m. set forth our agreed high low and preserving [sic] our offer of judgment remedies." The letter recounted that Davis had first rejected the offer by e-mail and later accepted it by e-mail. The letter then recited verbatim Westmoreland's January 18 e-mail (quoted above) "setting forth the deal." In other words, the letter confirmed that the agreement was as Westmoreland had stated it in his January 18 e-mail.
*1223 When the jury returned a verdict for plaintiff in excess of $5 million, plaintiff was entitled to $1 million under the high-low agreement. Additionally, invoking the offer of judgment, plaintiff filed a motion for "interest, costs and attorneys fees pursuant to R. 4:58-2." The motion was accompanied by a brief supporting the claim for interest under Rule 4:58-2, and an affidavit supporting the claim for counsel fees. Defendant filed a brief opposing the award of interest on the grounds that the high-low agreement waived plaintiffs right to prejudgment interest. Plaintiff filed a reply brief, contending that the interest allowed by Rule 4:58-2 was a sanction, was fundamentally distinct from ordinary prejudgment interest, and was not waived in the high-low agreement.
Other than the e-mails and the letter, neither party submitted any legally competent evidence concerning their negotiation of the high-low agreement or their respective understanding of the agreement.
The trial judge issued a written opinion on March 14, 2007. Relying on Wiese v. Dedhia, 188 N.J. 587, 911 A.2d 479 (2006), which clarified that the award of fees and costs under the offer of judgment rule is mandatory, the trial judge reasoned that the pre-judgment interest excluded by the high-low agreement was distinct from the "sanction interest" mandated by Rule 4:58-2. The judge interpreted "the high/ low agreement's mention of pre-judgment interest as a reference to traditional prejudgment interest under R. 4:42-11 only and not to `sanction interest' under R. 4:58-2." In his opinion, the judge recited that "Plaintiff attested the parties verbally agreed that they would reserve the right to contest any awards issued under R. 4:58." However, no one "attested" to that agreement or to any other relevant facts, because neither party submitted any certifications or affidavits as to their negotiations.[2]

II
On this appeal we review de novo the trial judge's factual and legal conclusions reached after a summary proceeding, including his construction of Rule 4:58-2. See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995); Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J.Super. 162, 167, 704 A.2d 597 (App.Div.), certif. denied, 154 N.J. 608, 713 A.2d 499 (1998).
We begin by observing that the high-low agreement was a contract and was thus subject to traditional rules of contract interpretation. See Elliott-Marine v. Campenella, 351 N.J.Super. 135, 141-42, 797 A.2d 201 (App.Div.), certif. denied, 174 N.J. 365, 807 A.2d 196 (2002); Shafer v. Cronk, 220 N.J.Super. 518, 521-22, 532 A.2d 1131 (Law Div.1987). If the terms of a contract are clear, they are to be enforced as written. County of Morris v. Fauver, 153 N.J. 80, 103, 707 A.2d 958 (1998). On the other hand, ambiguous terms are generally construed against the drafter of the contract. See Driscoll Constr. Co., Inc. v. State, 371 N.J.Super. 304, 318, 853 A.2d 270 (App.Div.2004). However, the parties may introduce parol evidence concerning their negotiations and their respective understandings of the agreement, in order to assist the court in construing an ambiguous term. Id. at 313-14, 853 A.2d 270. If the evidence creates a material dispute of fact, the court should resolve the dispute by holding an evidentiary hearing. Id. at 314, 853 A.2d 270; Deerhurst Estates v. Meadow Homes, Inc., 64 N.J.Super. 134, 152-53, 165 A.2d *1224 543 (App.Div.1960), certif. denied, 34 N.J. 66, 167 A.2d 55 (1961).
We have no hesitation in concluding that the high-low agreement was ambiguous. Ordinarily, where the parties make a high-low agreement, a plaintiff is entitled to prejudgment interest if the jury's verdict is somewhere in between the high and low limits, but not if the verdict is higher than the amount set as the "ceiling;" a plaintiff cannot recover more than the amount agreed to as the "high" limit. Benz v. Pires, supra, 269 N.J.Super. at 580, 636 A.2d 101. However, "[t]here is nothing to prevent the parties from making a different high-low agreement. They can agree, for instance, that prejudgment interest should be applied to the stipulated limits." Ibid. Thus, absent an agreement otherwise, plaintiff would not be entitled to prejudgment interest on the $1 million recovery, because that was the ceiling set by the high-low agreement. Defendant claims that the parties made no such agreement and that plaintiff explicitly waived prejudgment interest.
On the other hand, plaintiff contends that although Westmoreland's letter waived prejudgment interest on an award under the high-low agreement, he implicitly reserved plaintiff's right to interest under the offer of judgment rule. However, Westmoreland's correspondence did not specifically say that. It referred only to his client's reservation of the right to claim attorneys fees and "costs" under Rule 4:58-2.
Plaintiff further argues that "interest" is subsumed in the term "costs" and that the interest allowed by Rule 4:58 is distinct from "prejudgment interest" as attorneys understand the term, because interest under Rule 4:58 is a sanction rather than a make-whole remedy. This argument necessarily assumes that Davis, Zurich's litigation manager in Pittsburgh, was an attorney or that he otherwise had sufficient familiarity with New Jersey law that he would understand the distinction between Rule 4:42-11 and Rule 4:58-2. See Deerhurst, supra, 64 N.J.Super. at 153, 165 A.2d 543. There is no record evidence on that issue.
Plaintiff's brief acknowledges that prior to a 2004 amendment, Rule 4:58-2 referred to an award of "eight percent interest on the amount" to which plaintiff was entitled. In 2004, the rule was amended to refer to "prejudgment interest of eight percent on the amount" (emphasis added). See Pressler Comment 1 to Rule 4:58 at 1675-76 (2008). The Rule now reads as follows:
If the offer of a claimant is not accepted and the claimant obtains a money judgment, in an amount that is 120% of the offer or more, excluding allowable prejudgment interest and counsel fees, the claimant shall be allowed, in addition to costs of suit: (1) all reasonable litigation expenses incurred following non-acceptance; (2) prejudgment interest of eight percent on the amount of any money recovery from the date of the offer or the date of completion of discovery, whichever is later, but only to the extent that such prejudgment interest exceeds the interest prescribed by R. 4:42-41(b), which also shall be allowable; and (3) a reasonable attorney's fee . . .

[R. 4:58-2(a) (emphasis added).]
The Rule by its terms clearly conveys that there are two different forms of prejudgment interestthe 8% allowed by Rule 4:58 and the ordinary interest allowed by Rule 4:42-11and it provides that a plaintiff is not entitled to a double recovery of interest. We have no doubt that the two forms of interest serve different purposes, because the rate of interest allowed under Rule 4:58-2 is higher than the rate historically provided under Rule 4:42-11, and it runs from the date of the *1225 offer of judgment rather than from the filing of the complaint. We also recognize that Wiese v. Dedhia, supra, 188 N.J. at 592-93, 911 A.2d 479, held that an award of "attorneys fees and cost of suit" is mandatory under the offer of judgment rule, although Wiese did not hold that a party cannot waive that right by agreement.
However, while the foregoing analysis persuades us that plaintiff's construction of the high-low agreement is plausible, it does not obviate the ambiguity in the agreement Because, at the time the high-low agreement was negotiated, the term "prejudgment interest" appeared in both Rule 4:42-11 and Rule 4:58-2, an offer to waive "prejudgment interest" on a verdict, but to retain the right to counsel fees and "costs" under Rule 4:58-2, could have been understood as a waiver of prejudgment interest under either rule.
The issue is not how we parse the question plaintiff poses concerning the relative purposes of the two rules, nor whether our courts sometimes refer to the sanctions allowed by Rule 4:58-2 as "costs," nor, as plaintiff urges, whether reasonable attorneys might sometimes use the term "costs" to refer to all of the non-counsel fee sanctions allowed by Rule 4:58-2. See Gonzalez v. Safe & Sound Security, 185 N.J. 100, 123-24, 881 A.2d 719 (2005). The question is how a reasonable person in Davis' position might have understood the offer and, if there were evidence on the issue, how Davis in fact understood it.
The evidence before the trial court established that the agreement was ambiguous. Plaintiff did not produce any legally competent evidence to assist the court in resolving the ambiguity, and neither did defendant. At most, the language in Westmoreland's January 19 letter, that plaintiff was "preserving our remedies" under the offer of judgment rule, and Davis' statement in his e-mail, that defendant would risk having to pay "attorneys fees" with no mention of "costs," raises a fact question as to what the two negotiators understood Westmoreland's offer to mean. While we appreciate that the trial judge had just concluded a trial on the personal injury issue and may have been understandably reluctant to conduct another trial on the construction of the high-low agreement, a plenary hearing should have been held on that issue.[3]See Driscoll, supra, 371 N.J.Super. at 314, 853 A.2d 270. We therefore remand this matter for a hearing at which the parties may present testimony from Westmoreland and Davis concerning their negotiation of and their understanding of the high-low agreement.
Because we are remanding the matter, we also address the parties' dispute over the calculation of the interest. While the parties agreed at oral argument that their dispute over post-judgment interest was moot, defendant pressed its contention that, if interest was legally appropriate, it should have been based on the $1 million judgment and not on the jury verdict which was in excess of $5 million. We agree.
As we recognized in Benz v. Pires, 269 N.J.Super. 574, 578-79, 636 A.2d 101 (App. Div.1994), a high-low agreement is a type of settlement. See also Shafer v. Cronk, supra, 220 N.J.Super. at 521-22, 532 A.2d 1131. By entering into the agreement, plaintiff agreed to accept no more than a $1 million judgment regardless of the jury's verdict. Pursuant to the current version of Rule 4:58-2(a), the benefits of the Rule accrue to a plaintiff who "obtains a money judgment, in an amount that is 120% of the offer or more" (emphasis added).[4] *1226 In this case, the parties reached a pre-verdict settlement in which they agreed to substitute their high number for the verdict if it was over $1 million. Hence, the verdict was molded to a $1 million judgment. That is the amount on which the Rule 4:58-2 interest, if any is found to be owing, is to be calculated.
Reversed and remanded.
NOTES
[1] "A high-low agreement is a device used in negligence cases in which a defendant agrees to pay plaintiff a minimum recovery in return for plaintiff's agreement to accept a maximum sum regardless of the outcome of the trial." Benz v. Pires, 269 N.J.Super. 574, 578, 636 A.2d 101 (App.Div.1994).
[2] Because neither party provided us with the transcript of the oral argument on the motion, we do not know what, if any, facts were represented to the trial court at the argument and whether the parties agreed that any of those facts were undisputed.
[3] While we do not base our decision on such representations, we were advised at oral argument that there were discussions between Davis and Westmoreland and, hence, there may be additional evidence to be presented on the course of the parties' negotiations.
[4] The version of the Rule in effect prior to 2006 amendments used the term "a verdict or determination." See Gonzalez. supra, 185 N.J. at 124, 881 A.2d 719. It is clear from Gonzalez, however, that even under the prior version of the Rule, "verdict" meant the resulting judgment after the verdict was molded by the trial court. In Gonzalez, for example, the verdict was molded to reflect the jury's finding that defendant was 70% liable, and the trial court "measured that amount against plaintiff's $800,000 [offer of judgment]" for purposes of Rule 4:58-2. Ibid. Based on that measure, the Court agreed that "the verdict in favor of plaintiff far exceeded 120% of plaintiff's offer." Ibid.