**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1439-22

RIDGE PROPERTY, LLC,

    Plaintiff-Appellant,

v.

PETER LEE and SUNAE KIM,
husband and wife,

    Defendants/Third-Party
    Plaintiffs-Respondents,

v.

ROBERT A. SOLOMON, PC,
ROBERT A. SOLOMON, and
JEFFREY SAUNDERS,

    Third-Party Defendants.

_____

PETER LEE and SUNAE KIM,

    Plaintiffs-Respondents,

v.

RIDGE PROPERTY, LLC,

Defendant-Appellant.

_____

Submitted February 28, 2024 – Decided September 18, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket Nos. L-0309-19 and L-0198-22.

Metrolaw.com, attorneys for appellant (Robert A. Solomon, on the briefs).

Peter Lee and Sunae Kim, respondents pro se.

The opinion of the court was delivered by

WALCOTT-HENDERSON, J.S.C. (temporarily assigned)

Plaintiff Ridge Property, LLC appeals from a December 21, 2022 order granting in part and denying in part plaintiff's motion for prejudgment interest and attorney's fees, under the offer-of-judgment rule, R. 4:58. The court awarded $328.28 in prejudgment interest, calculated based on a September 19, 2022 discovery end date instead of the April 10, 2020 discovery end date proposed by plaintiff; the court did not award any counsel fees. We affirm.

Plaintiff owns residential property in Norwood, which it leased to defendants Peter Y. Lee and Sunae Kim (the defendants). Robert A. Solomon,

Esq., is plaintiff's managing member.[1]  This appeal involves two consolidated actions related to the parties' lease:  the first is plaintiff's Law Division case, and the second is defendants' Special Civil Part case filed nearly two years later.

In January 2019, plaintiff[2] sued defendants for $10,693.85, which was equal to $9,000 in past due rent and $6,200 in late fees, less $4,506.15 from a security account.  Plaintiff also sought attorney's fees at a rate of $250 per hour and costs of suit pursuant to the lease.  Plaintiff alleged defendants had remained in possession of the property following the expiration of the lease and failed to pay rent for two months.  Defendants filed an answer with affirmative defenses, a counterclaim, and a third-party complaint against Solomon, Saunders, and the Solomon firm.

In their counterclaim and third-party complaint, defendants asserted claims of fraud, negligence, breach of warranty, breach of the implied covenant of good faith and fair dealing, and conversion.  Specifically, defendants alleged

---

[1]  Solomon had a twenty-five percent interest in plaintiff; his wife, Alison Weiner, had another twenty-five percent interest; and Jeffrey Saunders had the remaining fifty percent.

[2]  Plaintiff commenced the action through its attorneys, Robert A. Solomon, PC d/b/a/ MetroLaw.Com.  Solomon is the sole shareholder of that entity (the Solomon firm).

that "Solomon and plaintiff's counsel also had served as [their] attorneys in various litigation matters . . . " and that because of the parties' prior legal relationship, defendants had remained in the property despite having endured several maintenance issues with the property, including a broken heater and air-conditioning system that plaintiff was slow to repair. Defendants further alleged damages related to Solomon's actions in denying responsibility for the cost of repairs to the air-conditioning system and additional costs incurred when they were forced to leave the home and stay in a hotel with their children because of the "extremely harsh and oppressive" conditions in the home.

On December 19, 2019, plaintiff filed a $3,920 offer-of-judgment in the Law Division case. At that time, the discovery end date in that action was April 10, 2020, but the case was subsequently delayed as a result of the COVID-19 pandemic. The court held a case management conference on October 4, 2021, and scheduled the Law Division action for trial on October 25, 2021.

On October 20, 2021, defendants filed a separate action in the Special Civil Part against plaintiff alleging a violation of the security deposit law, N.J.S.A. 46:8-21.1, and demanding a $9,000 judgment.

On December 21, 2021, the court entered an order consolidating the Law Division and the Special Civil Part actions. Weeks later, plaintiff filed its

answer to the Special Civil Part action and served defendants with interrogatories on January 6, 2022, which included questions that clearly addressed issues in plaintiff's Law Division case. Thereafter, the court set a discovery end date of September 19, 2022, and a trial date of October 11, 2022.

Trial commenced on October 11, 2022, and after three days of testimony, the court entered judgment in favor of plaintiff in an order dated November 17, 2022, awarding plaintiff $4,832.96 plus interest and court costs. On November 23, 2022, plaintiff moved for prejudgment interest, fees, and costs pursuant to Rule 4:58-2. Defendants cross-moved for their attorneys' fees. Following oral argument, the court put its decision on the record, stating:

> My decision here incorporates the decision, riders, and orders of my colleague[s]. It is clear to me that none of the discovery occurred under [Docket L-309-19.] [T]he discovery end date [was] extended and the matters were consolidated because there was like and similar claims. And the matter was provided the opportunity of time so that each side could get what they needed to do [from] the discovery end date of September 19th of 2022.

In setting the amount of prejudgment interest, the court used the September 19, 2022 discovery end date issued after the consolidation of the cases—not the earlier discovery end date of April 10, 2020 for the Law Division matter.

5

The court also rejected the application for fees to be paid to the Solomon firm. In support of the application for fees, Solomon and his associate Richard Weinbaum submitted separate certifications which included dates and services performed on behalf of plaintiff. They did not submit a retainer agreement between plaintiff and the firm, invoices submitted by the firm to plaintiff, or proof plaintiff had paid the firm.

In its decision denying fees, the court concluded that Solomon's "role was appearing as a self-represented litigant," finding "there's no demonstration of a retainer agreement; no demonstration of a bill to the LLC; no demonstration of any fees paid by any members of the LLC; the costs being born or incurred in any fashion by the LLC." The court further stated:

> But this [c]ourt cannot find that there's an entitlement to counsel fees. I cannot find that there would even be counsel fees incurred in this case.
>
> . . . .
>
> I do want to highlight that it was conceded, I understand by Counselor Solomon and MetroLaw.com, did not bill Ridge for any services and costs in this action. And I understand it was at page [four] of your certification. The [c]ourt has accepted that representation and relies on same in its findings.
>
> . . . .

6

Now, yes, he's an attorney, but he's acting as a member for his benefit as the manager of the LLC. I cannot find that there was a developed relationship where they're incurring any professional costs. I cannot find that there is any fee being charged. He is acting in his capacity, as I said, as a member of the LLC.

I cannot find that in this case there is a fair and reasonable ability to award fees as he is acting self-represented. And I cannot find there was any fee arrangement between the LLC and Counselor Solomon.

In the December 21, 2022 order, the court granted in part plaintiff's motion for prejudgment interest awarding him $328.28 "which include[d] interest pursuant to [Rule] 4:58-2 from September 19, 2022." The court also denied plaintiff's motion and defendants' cross-motion for attorney's fees.

Plaintiff appealed the calculation of $328.28 in prejudgment interest—arguing the court had used an incorrect discovery end date—September 19, 2022—rather than the earlier discovery end date of April 10, 2020, from the Law Division matter. Plaintiff also appealed the denial of attorney's fees to Solomon and his firm.

## I.

On appeal, plaintiff argues the court erred in construing Rule 4:5-8 on his post-trial motion under the offer-of-judgment rule by (1) finding the consolidation of the cases extended the discovery end date in the 2019 Law

7

Division case to September 19, 2022, and using that date as the basis for its interest calculation, and (2) denying plaintiff's fee application because Solomon was essentially appearing in these cases pro se, representing his own interest as both a managing member of plaintiff and sole proprietor of the Solomon firm.

"We review de novo the trial [court's] factual and legal conclusions reached after a summary proceeding, including [its] construction of Rule 4:58-2." Malick v. Seaview Lincoln Mercury, 398 N.J. Super. 182, 186 (App. Div. 2008) (reversing a prejudgment interest award under the offer-of-judgment rule) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). "[The] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P., 140 N.J. at 378.

The offer-of-judgment rule "was 'designed . . . to encourage, promote, and stimulate early out-of-court settlement of . . . claims that in justice and reason ought to be settled without trial.'" Willner v. Vertical Reality, Inc., 235 N.J. 65, 81 (2018) (quoting Schettino v. Roizman Dev., Inc., 158 N.J. 476, 482 (1999)). "To incentivize such pre-trial settlement, 'the rule imposes financial consequences on a party who rejects a settlement offer that turns out to be more favorable than the ultimate judgment' by a certain amount." Ibid.

Rule 4:58-1(a) and (b) provide generally for the making and accepting of an offer-of-judgment. Rule 4:58-2 sets forth the consequences of the non-acceptance of an offer of a claimant. Rule 4:58-2(a) explains that if the offer is not accepted and the party making the offer obtains a money judgment in an amount that is 120% or more of the offer, "excluding allowable prejudgment interest and counsel fees," the claimant shall be allowed, in addition to costs of suit:

> (1) all reasonable litigation expenses incurred following non-acceptance; (2) prejudgment interest of eight percent on the amount of any money recovery from the date of the offer or the date of completion of discovery, whichever is later, but only to the extent that such prejudgment interest exceeds the interest prescribed by R. 4:42-11(b), which also shall be allowable; and (3) a reasonable attorney's fee for such subsequent services as are compelled by the non-acceptance.

> [R. 4:58-2(a).]

Rule 4:58-2(a) also provides that allowable prejudgment interest begins to accrue "from the date of the offer or the date of completion of discovery, whichever is later." R. 4:58-2(a) (emphasis added).

Plaintiff argues that the earlier April 10, 2020 discovery end date is the applicable date for purposes of calculating prejudgment interest, rather than the latter date of September 19, 2022. As defendants assert, the record, however,

shows that following the consolidation order, plaintiff served them with interrogatories in connection with the Special Civil Part action. Defendants contend that in doing so, plaintiff's argument discovery had ended on April 10, 2020 is unavailing. In other words, plaintiff is not entitled to the benefit of the earlier April 10, 2020 discovery end date when it served discovery for the lawsuit it had filed after that date.

Plaintiff's assertion that the interrogatories pertained only to the Special Civil matter is belied by the record as the cases had already been consolidated and the new discovery end date applied to the consolidated matter as a whole and by the interrogatories themselves, which included questions that clearly addressed issues in plaintiff's Law Division case, such as requesting that defendants "[s]tate the terms and conditions under which [defendants] remained in [possession]" of the property after the lease had ended and requesting receipts evidencing payment of rent for the months of December 2018 and January 2019.

The discovery end date is the date that marks the conclusion of the exchange of discovery and readiness for trial. Although, the April 10, 2020 date marked the end of discovery in the Law Division action, defendants' Special Civil complaint and the ensuing consolidation order reset the clock with respect to the cases readiness for trial. Faced with the consolidation of these two

<span>A-1439-22</span>

matters; one aged complaint and a new complaint, the court in its oral decision reasonably set the discovery end date using the September 19, 2022 date, noting "the matter was provided the opportunity of time so that each side could get what they needed." The court's determination that discovery was taken for purposes of both cases after they were consolidated is supported by the record. We discern no legal error or abuse of discretion in the court's decision to apply the September 19, 2022 date to calculate prejudgment interest under Rule 4:58-2(a). Thus, we affirm the court's award of prejudgment interest based on that date.

## II.

With respect to the second issue, plaintiff contends the court erred as a matter of law in failing to grant attorney's fees to Solomon—pursuant to Rule 4:58-2(a). Solomon, an attorney who was the sole shareholder of his firm and the managing member of plaintiff, sought attorney's fees of $38,370 and costs of $50 under Rule 4:58-2(a)(1).

In its decision denying fees, the court found "there's no demonstration of a retainer agreement; no demonstration of a bill to the LLC; no demonstration of any fees paid by any members of the LLC; the costs being born or incurred in any fashion by the LLC." The court reviewed each of the factors set forth in

11

RPC 1.5(a) and made factual findings based on Solomon's certification. According to his certification, at all relevant times, Solomon was one of three members of Ridge Property, LLC; held a [twenty-five percent] interest in it, served as its in-house counsel, and was its managing member; and was the sole shareholder of the Solomon firm. The court concluded that Solomon's "role was appearing as a self-represented litigant," finding that while "he[ was] an attorney . . . he[] act[ed] as a member for his benefit as the manager of the LLC." She claimed she could not "find that there was a developed relationship [and Solomon] act[ed] in his capacity . . . as a member of the LLC." The record supports the court's conclusion. Aside from Solomon's certification that he served as in-house counsel for Ridge Property, LLC through his firm, there is no indication that Solomon's relationship with Ridge Property regarding this case was anything but self-representation, especially as the court points out, without a retainer agreement to show the firm was actually hired or invoices showing it had requested payment.

The court relied in-part on our Supreme Court's decision in Segal v. Lynch, 211 N.J. 230 (2012), reversing an award of counsel fees to a licensed attorney who had represented herself in court. Segal was a matrimonial matter wherein the court appointed a parenting coordinator who was also an attorney.

12

Id. at 250. The parties who were husband and wife had also signed a retainer agreement with the parenting coordinator, which set forth fees and expenses payable to the coordinator in the underlying divorce action. Id. at 235-36. When the court ordered the plaintiff to pay the coordinator for her appearance at deposition and required the plaintiff to advance a retainer, the plaintiff moved for reconsideration and the coordinator's law firm opposed that motion, describing itself as acting pro se through the coordinator, and requested additional counsel fees. Id. at 242. The motion court ordered the plaintiff to pay the coordinator counsel fees for the time she had spent responding to that motion. Ibid.

The Court separately addressed two distinct issues about the award of fees: whether the coordinator was entitled to fees based on her role as parenting coordinator, and whether the coordinator was entitled to counsel fees for representing herself and her firm. Id. at 257-60. Only the latter issue is relevant here.

The Court found unpersuasive the coordinator's argument that her status as an attorney entitled her to a counsel fee and concluded "we see no reason to treat her more indulgently than every other pro se litigant." Id. at 259. The Court further held

A-1439-22

[w]e reach no different result to the extent that the [parenting coordinator] performed the work on behalf of the other lawyers in her law firm who had been subpoenaed for depositions or represented her firm in connection with the motions for reconsideration. Similarly, the work that she performed on appeal was work that she prosecuted through self-representation and not compensable under the circumstances. We see no basis in this record on which to advantage Schofel, the self-represented attorney, by permitting her to be compensated for her time expended in securing relief when others who represent themselves would be precluded from being compensated for their time.

[Id. at 264.]

Plaintiff argues the court's reliance on Segal was misplaced because he sought attorney's fees pursuant to the offer-of-judgment rule, and that the court did not have discretion to deny fees because attorney's fees under Rule 4:58-2(a) are mandatory. Plaintiff argues that in Wiese v. Dedhia the Court held the rule "is cast in mandatory and not exhortatory terms, and, thus, accords judges no discretion regarding whether or not to award attorney's fees and costs of suit in an [offer-of-judgment] case." 188 N.J. 587, 592 (2006) (citing R. 4:58-2). We disagree.

Segal, decided several years after Wiese, notes the "conflicting decisions found in our trial and appellate courts express a variety of policy considerations in support of or in opposition to permitting attorneys to be awarded counsel fees

14

for representing themselves," 211 N.J. at 263, the Court held, however, that "precedents that reject counsel fee awards to attorneys" are "consistent with our broader approach to the treatment of those who represent themselves." Id. at 264.

The issue in Wiese was whether the offer-of-judgment rule covered fees and costs on appeal. The Court held that it did, "and that the consequences of non-acceptance under Rule 4:58 are mandatory not only for trial costs but for those incurred on appeal." Wiese, 188 N.J. at 589. The Court did not address the question of fees to attorneys representing themselves and, thus, its holding that the award of attorney's fees is mandatory cannot be read to hold that an award of fees to attorneys representing themselves is mandatory. Segal is undoubtedly controlling on that issue as the trial court properly found.

We accordingly find no error in the court's determination that Solomon as a self-represented litigant was not entitled to attorney's fees.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-1439-22